42379.   HILL v. THE STATE.

SUBMITTED OCTOBER 3, 1966—DECIDED OCTOBER 11, 1966— REHEARING DENIED OCTOBER 27, 1966—

*Ralph L. Crawford,* for appellant.

*Andrew J. Ryan, Jr., Solicitor, Tom A. Edenfield,* for appellee.

NICHOLS, Presiding Judge. ■ "(a) When a search warrant and the affidavit upon which it is issued do not recite sufficient facts upon which a determination of probable cause could be made by the issuing magistrate, the burden is on the State to show that sufficient facts were submitted before the magistrate to establish the existence of probable cause. (b) To support a finding of probable cause for the issuance of a search warrant, there must be presented by oath or affirmation to the issuing magistrate some of the underlying circumstances causing the officer applying for the warrant to believe that there is probable cause to search the premises and, if the officer relies on an informant, some of the underlying circumstances from which the officer concluded that his informant was reliable." *Marshall v. State,* 113 Ga. App. 143 (1) (147 SE2d 666). The evidence presented by the State as to the facts testified to before the magistrate were sufficient to authorize the issuance of such warrant.

■ During cross examination of one of the State's witnesses the defendant elicited testimony that the defendant was advised of his right to refuse to answer any questions and that the defendant did thereafter refuse to answer any questions. The answers were directly responsive to the questions asked by the defendant's counsel and under decisions exemplified by *Scott v. State,* 57 Ga. App. 187 (194 SE 844); *Mickle v. Moore,* 188 Ga. 444, 448 (4 SE2d 217), it was not error to refuse to grant the defendant's motion for mistrial based on the testimony elicited by the movant.

■ Under the decision in *Jefferson v. State*, 101 Ga. App. 308 (5) (113 SE2d 500), it was not error for the trial court to refuse the request of the jury to have the testimony of one of the State's witnesses and that of the defendant "replayed" (the oral testimony having been recorded by the court reporter). Particularly is this true where the transcribed testimony is very lengthy. In the present case the testimony of the State's witness and that of the defendant constituted approximately sixty-six pages of the record.

Nor did the trial court commit error in instructing the jury, after the above request to again hear the testimony was denied, that the testimony of the State's witness and the defendant was quite lengthy and requested that they deliberate further and see if they could reach a verdict without the playback as the hour was late. See *Yancy v. State*, 173 Ga. 685 (5) (160 SE 867); *McKibben v. State*, 187 Ga. 651 (3) (2 SE2d 101).

■ The evidence authorized the verdict. See *Nickolas v. State*, 114 Ga. App. 306 (151 SE2d 168).

*Judgment affirmed. Hall and Deen, JJ., concur.*