### 45104.   JOHNSON v. THE STATE.

DEEN, Judge.  1.  As pointed out in Brinegar v. United States, 338 U. S. 160, 176 (69 SC 1302, 93 LE 1879) the showing of probable cause necessary in the affidavit upon which a search warrant may be based must tread the path between placing the law-abiding citizen at the whim or caprice of police officers on the one hand and unnecessarily hampering law enforcement activities on the other.  In the landmark case, Aguilar v. Texas, 378 U. S. 108, 114 (84 SC 1509, 12 LE2d 723) it is stated: "Although an affidavit may be based on hearsay information and need not reflect the direct personal observation of the affiant, Jones v. United States, 362 U. S. 257, the magistrate must be informed of some of the underlying circumstances . . . from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U. S. 528, was 'credible' or his information 'reliable.'  Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate' as the Constitution requires."  In the Aguilar case the warrant was stricken because the affidavit said only that affiants had "received reliable information from a credible person and do believe" defendant possessed narcotics.  In Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637), after disregarding certain facts known to the affiant which were entirely compatible with innocence, there was left the statement that the FBI "has been informed by a confidential reliable informant that William Spinelli is . . . accepting wagers. . ."

P. 414. This was held not to measure up to the parameters of the Aguilar case in that (1) it did not set forth any reason to support the conclusion that the informant was reliable, and (2) it did not state the underlying circumstances causing the informant to reach his conclusion with enough precision. As to the second requirement, in Rugendorf v. United States, 376 U. S. 528 (84 SC 825, 11 LE2d 887), the court approved an affidavit where it appeared that the informer had seen the material in question in Rugendorf's basement. Thus the beer purchased by the informant and held in possession of the affiant here sufficiently established the probable cause element on a basis of fact rather than mere sunspicion.

The affidavit attacked in the motion to suppress evidence on a charge of illegal sale of beer contains the following statement: "The probable cause on which the belief of the affiant is based is as follows: Received as evidence two cases of Stegmaier beer purchased from said Joe Ralph Johnson on April 17, 1968, at 8:00 p.m. by State Revenue Agent." The reasonable inference from this statement is that the affiant, himself a State revenue alcohol control special agent, actually had two cans of beer turned over to him by another State Revenue agent who had informed him that the latter had purchased them from the defendant. It is true that this involves both hearsay and an unidentified informant, but neither of these facts per se voids the indictment. *Burns v. State,* 119 Ga. App. 678 (168 SE2d 786). If the agent purchased the beer then such agent knew as a fact and not an inference, conclusion or suspicion, that the defendant sold beer. This takes care of the underlying circumstances test. And if he was in fact a special agent of the Revenue Department this supports the affiant's conclusion that as an informant he was reliable, this being the job he was hired to do. The tests of the Aguilar case were met and the motion to suppress evidence was properly overruled. See also *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473).

2. The government of Madison County is in the hands of three county commissioners. The commission chairman testified that no beer license had been issued to the defendant by the commissioners to his knowledge, and that if such license had been issued he would have known it. It is contended that this is insufficient proof that the other two commissioners did not at some time unknown to the chairman issue a license. We

have examined Ga. L. 1965, p. 2667 et seq. creating the Madison County Board of Commissioners. Only the chairman calls a special meeting. Regular meetings are held at a set time and on public notice, and any other proceeding is void. The commission issues licenses and "all members of the board shall be required to vote on all questions coming before the board unless he or they or any of them shall be disqualified to vote thereon because of conflict of interest or other legal reason." Under these circumstances the testimony of the chairman of the commission deals with matters of fact knowledge of which must necessarily be imputed to him. The State at least prima facie proved that no license for the sale of beer had been issued to the defendant, and there was nothing from which a contrary inference might be raised. The verdict was supported by sufficient evidence.

3. "It is not erroneous for the trial judge to overrule a motion for a mistrial, when, in answer to a question propounded by the solicitor general, evidence is elicited from a witness which tends to put the character of the accused in issue, where, upon objection by counsel for the accused, such evidence is excluded and the jury is instructed to disregard the question and the responsive answer." *Joyner v. State*, 208 Ga. 435 (3) (67 SE2d 221). "The refusal to declare a mistrial on account of a voluntary answer of a witness is not reversible error unless the trial judge fails to apply proper corrective measures. In the present case, the court immediately ruled out the testimony complained of, and no error harmful to the movant is thereafter shown." *Haynes v. State*, 80 Ga. App. 99 (2) (55 SE2d 646). Here in answer to the question, "Did you have any reliable information that he was selling beer in Madison County?" the witness answered, "I had information that he was selling beer and also tax whiskey." On objection the court ruled out the answer, instructed the jury to disabuse their minds of the statement and give no credence to it, and to nod their heads in assent if they felt they had understood the instruction. Under these circumstances it was not error to deny the motion for mistrial.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

SUBMITTED FEBRUARY 4, 1970—DECIDED MARCH 5, 1970—
REHEARING DENIED MARCH 24, 1970.

Scott & Alexander, Guy B. Scott, Jr., for appellant.
Clete D. Johnson, District Attorney, for appellee.