## 45298. MERRITT v. THE STATE.

HALL, Presiding Judge. Defendant, who has been convicted of operating a lottery, appeals from the denial of his motion to suppress evidence which he contends was illegally seized under an invalid search warrant.

1. Defendant first contends that the State never formally introduced the warrant in evidence at the hearing on the motion to suppress, and it therefore may not rely upon the warrant to carry its burden of proof on the issue of legal search. The record shows, however, that the State produced the warrant and the judge had it before him when he made the rulings on its sufficiency.

We fail to see how defendant was harmed by lack of some sort of formal tender and admission. *Code Ann.* § 27-313 (b) provides that the judge may "receive evidence . . . on

any issue of fact necessary to determine the motion. We believe the hearing is analagous to one on a motion for summary judgment in that the court may consider a wide variety of matters which need not be "introduced" to the judge. See *Wood v. Brunswick Pulp &c. Co.*, 119 Ga. App. 880 (169 SE2d 403). The primary function of the formal introduction of evidence is to inform the judge of its nature so he may rule upon its admissibility to the jury. 11 Encyclopedia of Georgia Law 261, Evidence, § 10. This function has no relevance where the issue is addressed solely to the court.

2. Defendant contends the warrant is invalid on its face as the time of issuance was not set forth as required by *Code Ann.* § 27-304. (The date was noted but not the hour.) We agree that in certain instances this omission could be a fatal defect, e.g., where there is some reason to believe the warrant was issued *after* the search. Here, however, defendant's own testimony shows that the officers had the warrant and served it when they arrived to make the search. In these circumstances, the omission is a "technical irregularity not affecting the substantial rights of the accused" which would not require suppression of the evidence seized. *Code Ann.* § 27-312.

3. Defendant's contention that the warrant is void because it fails to show the issuing judge's authority or jurisdiction is without merit. The judge presiding at the hearing on the motion to suppress properly took judicial notice of the fact that the issuing magistrate was a Judge of the Criminal Court of Fulton County. *Bailey v. McAlpin*, 122 Ga. 616 (50 SE 388).

4. Defendant further complains of the use of information to obtain the warrant which had previously been suppressed in another case as the result of an illegal search. The State stipulated the fact of the previous suppression and does not argue that the information should be considered. We will assume that Georgia law is the same as federal and that "an otherwise legal search . . . cannot stand if probable cause for it was established only by a prior illegal search." 3 Wright, Federal Practice and Procedure, 135, § 677.

5. The issue is whether the remaining information sets forth sufficient probable cause. The text of the affidavit, with the suppressed information deleted, reads as follows: "For the past two months to the present time, the latest time being January 30, 1969, we have been receiving information from

an informer that has proven reliable on lottery and gambling information. This information in the past has resulted in the arrests and convictions of two lottery operators. This informer has stated that he knows of his own personal knowledge that Wesley Merritt, his wife Annie Lou Merritt, Frank O. Lee, 'alias Yank' and Joseph Willis are operating the lottery. He states that this lottery is checked up at Wesley Merritt's place of residence at 2962 Baker Ridge Dr. Informer states that the lottery is checked for hits overlooks, money paid out and received. All of the named subjects are known to myself and members of the lottery squad to be involved in the lottery operation and have previous arrests and convictions for this violation. For the past two months we have observed Wesley Merritt on many occasions at places known to us to handle lottery. . . During the past two months we have seen Joseph Willis, and Frank O. Lee go to 2962 Baker Ridge Dr. during the time our informer states that they would be there checking up the lottery. On other occasions lottery has been found in Wesley Merritt's residence, at that time his residence was 954 Smith St., S.W., Atlanta, Georgia, Fulton County. For the reasons listed I believe that Wesley Merritt, Annie Lou Merritt and the others named are conducting the lottery at his residence, 2962 Baker Ridge Dr., N.W., Atlanta, Georgia, Fulton County."

The test to be applied was stated by this court in *Sams v. State*, 121 Ga. App. 46 (172 SE2d 473): "The affidavit upon which a search warrant is issued must give the reasons for the informer's reliability and must either state how the informer obtained the information or the tip must describe the criminal activity in such detail that the magistrate may know it is more than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation."

The reasons for the informer's reliability are satisfactorily shown here. *Sams v. State*, supra; *Johnson v. State*, 121 Ga. App. 477 (174 SE2d 246); *Steele v. State*, 118 Ga. App. 433 (164 SE2d 255). How the informer obtained the information is not given, so the final question must be: does the tip describe the criminal activity in sufficient detail? In our opinion, it does. *Sams v. State*, supra.

*Judgment affirmed. Deen and Evans, JJ., concur.*

Submitted April 14, 1970—Decided May 1, 1970—
Rehearing denied May 29, 1970—Cert. 

*Charles R. Smith,* for appellant.

*Hinson McAuliffe,* Solicitor, *Thomas E. Moran, James L. Webb, Frank A. Bowers,* for appellee.