## 47219.  BIDDY v. THE STATE.

HALL, Presiding Judge. Defendant appeals from his conviction for escape and auto theft.

1. The evidence supports the verdict on both counts. Defendant's contention that intent to escape was not shown is without merit. (He said that he had left the work gang to answer a call of nature and then fell asleep in the woods). His intent may be inferred from the fact that he was absent for six days and had crossed county lines.

2. On the trip back to the public works camp after defendant's voluntary surrender, the warden told him that an automobile had been stolen in the vicinity of his escape. Defendant denied any knowledge of it. The following day, the warden explained to defendant that the owner of the car had no insurance and would surely like to recover it; and that if they were able to prove he had taken it, he would face another charge and that he would recommend a lighter sentence if defendant told them where the car was. (Defendant led them to the car which was concealed in heavy woods roughly 40 miles away. Apparently defendant made a plea bargain with the District Attorney but later withdrew it). The warden testified that he had not given defendant any of the usual warnings before embarking on these conversations. The court admitted all of this into evidence over defendant's objection.

Defendant contends that the statement made to the warden concerning the location of the car (which had the practical effect of a full confession) was inadmissible as a product of custodial interrogation without the prior warnings required under Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974).

The case law on this point is not extensive but it is clear. The basic premise was established in Mathis v. United States, 391 U. S. 1 (88 SC 1503, 20 LE2d 381), in which the court held that questioning of a State prison inmate by an Internal Revenue Service Agent concerning his tax returns was custodial interrogation within the meaning

of Miranda. Every other case which has dealt with questioning of an inmate, whether by peace officers or prison officials, has followed this rationale where the thrust and purpose of the interrogation related to a suspected crime for which prosecution might ensue (as opposed to maintenance of internal security and discipline). See Anno. 31 ALR3d 565, §§ 16, 18 (d) and 23.

There is no question of a spontaneous statement here since the warden admits he raised the subject. It is also worth noting that the statement/confession here is basically flawed as it was indisputably made "in the hope of benefit." *Code* § 38-411. The court accordingly erred in admitting this evidence.

3. Defendant's other enumerations of error are without merit.

*Judgment of conviction for escape affirmed. Judgment of conviction for auto theft reversed for reasons stated in Division 2. Pannell and Quillian, JJ., concur.*

SUBMITTED JUNE 5, 1972—DECIDED SEPTEMBER 28, 1972.

*Craig & Vandeford, Darryl R. Vandeford,* for appellant.

*Reid Merritt, District Attorney, Gary L. Davis,* for appellee.