## 48331. DRISCOLL et al. v. THE STATE.

CLARK, Judge. For decision is the sufficiency of a search warrant on a motion to suppress the evidence seized during a police exploration of the apartment occupied by two young people, they being a brother and sister, subsequently indicted in three felony counts for possession of Gantrisin, LSD, and Mysoline, and a misdemeanor count for possession of less than an ounce of marijuana, all being violations of the Georgia Drug Abuse Control Act.

As the attack is based upon lack of probable cause and is limited to the document itself, we quote in full that portion: "The probable cause on which the belief of the affiant is based is as follows: In that a confidential and reliable informant whom the affiant has personally known for the past six months and the informant giving information which has aided in the arrest and conviction of five persons within the past six months and has aided in the seizure of illegal drugs. Informant states to affiant that he has been in the apartment on numerous occasions and within the past 48 hours he has personally observed drugs being

used in the above apartment. Independent investigations by Cobb narcotics agents verifying that the above two subjects do live in the above apartment and that there is a lot of traffic entering and leaving the above apartment but staying for only a short while. And that the above Jeanie Driscoll was arrested on a drug abuse charge on 8-8-72. Informant made the above statements to affiant on 8-21-72."

The evidence presented by the defendants consisted of the sister's testimony that she possessed legal prescription drugs for personal problems such as an anti-histamine, birth control pills, aspirin, and alcohol. Such testimony was aimed at the absence of the word "illegal" in defining the drugs which informant had observed.

1. To determine the sufficiency of probable cause for issuing a search warrant this court in *Sams v. State,* 121 Ga. App. 46, 48 (172 SE2d 473) stated: "[T]hese tests are: (1) that the affidavit gives reasons for the informer's reliability, and (2) that the affidavit either specifically states how the informer obtained the information *or* the tip describes the criminal activity in such detail the magistrate may know it is more than a 'casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.' " See *Davis v. State,* 127 Ga. App. 76, 78 (192 SE2d 538); Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637); Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723); United States v. Harris, 403 U. S. 573 (91 SC 2075, 29 LE2d 723).

The reliability of the informer here is sufficiently substantiated by his having previously given information leading to the arrest and conviction of five persons and his having aided in the seizure of illegal drugs. The affidavit states informant personally saw drugs being used in the defendant's apartment within 48 hours of giving information to the affiant. Defendant lives in the apartment and was named in the warrant. Personal knowledge gained from being present in the apartment and seeing drugs being used obviates the possibility of the information being just a casual rumor. See Aguilar v. Texas, supra, p. 113; *Cain v. State,* 128 Ga. App. 146 (195 SE2d 797); *Miller v. State,* 126 Ga. App. 847 (191 SE2d 883). *Maxwell v. State,* 127 Ga. App. 168 (193 SE2d 14) relied upon by appellants is to be differentiated, as there the affiant had only a belief that drugs were located in a particular place whereas here the informer has personal knowledge in that he actually viewed the drugs. As the informant saw these illegal

acts and reported them to the affiant within 48 hours, the information cannot be said to be stale. "[P]robable cause relates to current and not stale information." *Fowler v. State,* 121 Ga. App. 22, 24 (172 SE2d 447). See also Sgro v. United States, 287 U. S. 206 (53 SC 138, 77 LE 260, 85 ALR 108).

2. Defendant contends that the use of the word "drugs" within specifying the drugs as illegal voids the warrant as it is not illegal to have drugs per se. However, "In testing the sufficiency of the affidavit, it is entitled to be read as a whole. It would therefore seem to be enough that the affidavit contain within its four corners the information necessary to justify and to enable the search warrant to be issued." Lowrey v. United States, 161 F2d 30, 33 (1947).

Sub judice, the opening paragraph of the affidavit states that the specific crime committed was violation of the Georgia Drug Abuse Control Act and that the evidence to be seized "comprised of marijuana and other dangerous drugs." This would establish that as between the magistrate and the police officer the understanding was that marijuana and other unlawful drugs were the object of the warrant. Therefore, the thrust of the information would be to convince the magistrate of the probability of seizing these particular drugs. Certainly this definition of drugs two sentences preceding the statement that the informant has personally observed drugs being used would indicate that the informant meant marijuana along with other unlawful drugs. Elsewhere in the affidavit the word "drug" is preceded by the adjective "illegal." It is obvious that the informant, the police, and the magistrate would be interested in the information only if the drugs were contraband.

"[T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting. . . Recital of some of the underlying circumstances in the affidavit

is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. Jones v. United States [362 U. S. 257, 270 (80 SC 725, 4 LE2d 697, 78 ALR2d 233)]." United States v. Ventresca, 380 U. S. 102, 108 (85 SC 741, 13 LE2d 684). "A policeman's affidavit 'should not be judged as an entry in an essay contest,' Spinelli, supra, at 438 (Fortas, J., dissenting), but, rather, must be judged by the facts it contains." United States v. Harris, 403 U. S. 573, 579, supra. Sufficient facts were contained in the affidavit to enable the magistrate to make an independent determination as to whether probable cause existed for the issuance of a search warrant. Code Ann. § 27-303; *Terry v. State,* 123 Ga. App. 746 (182 SE2d 513).

*Judgment affirmed. Hall, P. J., concurs. Evans, J., concurs in the judgment only.*

SUBMITTED JULY 9, 1973 — DECIDED SEPTEMBER 20, 1973.

*Glenn Zell,* for appellants.
*George W. Darden, District Attorney, Ralph Kearns,* for appellee.