49092. CONNELL v. THE STATE.

DEEN, Judge.

1. In this prosecution for possession of narcotics discovered in a search under warrant, a motion to suppress based on inadequacy of the underlying warrant affidavit is properly overruled where the trial court is offered evidence (1) that the affidavit showed the informer on whose tip the search was made was reliable in that three times within the past two months he had given information which resulted in confiscation of drugs; (2) the officer testified that this was in fact true; (3) the informer stated that two days prior to contacting the officer he had seen the defendant with narcotics, and the officer promptly procured the warrant, and (4) this was a second tip, it appearing that the officer had been

informed of the defendant's activity some two weeks prior to this by another person, and had been keeping the defendant's lodging under sporadic surveillance in the interval. As to the sufficiency of the affidavit and warrant, cf. *Hill v. State,* 114 Ga. App. 527 (151 SE2d 818); *Merritt v. State,* 121 Ga. App. 832 (175 SE2d 890).

2. Objection was made to testimony by a witness who was the defendant's probation officer in a prior conviction, and who stated that in a discussion relevant to the probated sentence, held with the defendant after his arrest and while in jail and awaiting trial on the present charge, the defendant admitted to him that the drugs found in his lodging did belong to him. The witness did not give the "Miranda warnings" at the outset of this conversation because, as he testified, his concern was not to provide evidence in the instant case but to make a report to the judge regarding the defendant's behavior in connection with the probated sentence. There is no evidence in this record that the relations between the defendant and the probation officer were thought by Connell to be confidential, or that he was offered any inducement for admitting the illegal possession, and the testimony of the state is uncontradicted that he was in fact advised of his rights at the time the drugs were found and he was taken into custody. Under these circumstances no reversible error is shown. *Wilson v. State,* 229 Ga. 395 (191 SE2d 783).

*Judgment affirmed. Stolz, J., concurs. Hall, P. J., concurs specially in Division 2.*

SUBMITTED FEBRUARY 12, 1974 — DECIDED MARCH 7, 1974.

*Greenholtz & Hind, Hobart M. Hind,* for appellant. *William S. Lee, District Attorney,* for appellee.

HALL, Presiding Judge, concurring specially in Division 2.

The question here is whether the statement made by the defendant to his probation officer was inadmissible as a product of custodial interrogation without the prior warnings required under Miranda v. Arizona, 384 U. S.

436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974). See *Biddy v. State,* 127 Ga. App. 212 (193 SE2d 31) on a statement made to a warden.

It is undisputed that the statement was a product of custodial interrogation. The Miranda decision places a duty upon the parole officers of a state, when they are investigating the commission of a fresh or new felony by a parolee, to comply with the mandate in Miranda, if the incriminating statements that they elicit from a parolee are to be admissible as evidence in the prosecution of a new offense. State v. Lekas, 201 Kan. 579 (442 P2d 11); 31 ALR3d 565, 673. It must be remembered that a probation officer is a law enforcement officer in Georgia with arrest powers. Code Ann. § 27-2713.

The search and arrest took place on May 30, 1973. An officer testified that defendant "was advised of his rights" when he was arrested. The probation officer testified that "after [defendant] was arrested, I went to the jail and talked to him for the purpose of obtaining the circumstances of his arrest." The date of the custodial interrogation is not shown in the transcript.

To the best of my knowledge, neither this court nor the United States Supreme Court, has ever taken the position that the desire of a guilty man to confess his crime should be stifled, impeded, discouraged or hindered in any way. Nevertheless, it is important that the prosecution should use caution in reference to the testimony of probation officers in instances like the present case. Overkill can produce unnecessary error.