### 50048. PRITCHETT et al. v. THE STATE.

EVANS, Judge.

Police officers of Spalding County and Griffin, Georgia, received information during a period of several months, that Thomas Waymon Pritchett was selling marijuana. A raid was planned, but before it was executed, information was received from a confidential informer that Pritchett and his girl friend were at that very moment selling drugs in a Griffin parking lot. Pritchett was not found in the parking lot, but was seen driving down a street in an automobile. He was stopped and searched, but no marijuana was found. At the time of

the search he had a small pair of scissors in his hand. Debra Black, who was riding with him in the front seat, was searched and three plastic bags of marijuana were found on her person. In addition, some plastic material was seen on her clothing as she sat in the car.

Pritchett and Black were arrested and jointly indicted for possession of marijuana. A motion to suppress was denied. The defendants were convicted and sentenced to serve two years in the penitentiary, although the jury recommended misdemeanor punishment for Pritchett. Defendants appeal. *Held:*

1. This case is similar to that of *Register v. State,* 124 Ga. App. 136 (183 SE2d 68), and that of Draper v. United States, 358 U. S. 307 (79 SC 329, 3 LE2d 327), cited by *Register.* Here, information was received from a confidential and reliable informant as to the criminal activity, and that such activity was at that moment in operation in the City of Griffin. The identity of the informer was protected. The officers immediately found the defendants on the streets in an automobile. While they were not caught in the process of selling illegal drugs, a search of defendant Black disclosed marijuana. No marijuana was found on defendant Pritchett nor in the automobile. The arrest by stopping the car was lawful and the subsequent search and seizure was valid. The information received was correct in that one defendant was found in possession of marijuana. The court did not err in denying the motion to suppress the evidence.

Defendant contends that more than an hour passed before the officers located him, not at the Krystal as the informer reported, but on the street, and that under the cases of *Davidson v. State,* 125 Ga. App. 502 (188 SE2d 124), and *Bethea v. State,* 127 Ga. App. 97 (192 SE2d 554), no probable cause for an arrest existed, and as the arrest was unlawful, the following search and seizure were forbidden fruit of the illegal arrest. But probable cause did exist, and when the defendants were located, they were performing an illegal act, to wit: possession of marijuana. The cases relied on by defendants are not applicable here.

2. In defendants' brief, they seek to inject additional grounds of error. While certain objections were made during the hearing of the motion to suppress and during

the trial, such grounds are not enumerated as error as required by Code Ann. § 6-810. *Calhoun v. Patrick,* 116 Ga. App. 303 (157 SE2d 31); *Riggins v. State,* 128 Ga. App. 478 (197 SE2d 154).

3. There was testimony that at the time of the arrest, defendant Black was found with the plastic bags of marijuana on her person, was moving around considerably in the front seat, and had plastic material around her waist. Defendant Pritchett had a small pair of scissors in his hand, and confessed to a police officer the next day that the marijuana belonged to him. Despite defendant Black's testimony that defendant Pritchett had no knowledge that she possessed the marijuana, the above evidence authorized a charge on conspiracy, because the jury could have concluded that both parties possessed the marijuana in violation of the statute. See in this connection *Walden v. State,* 121 Ga. App. 142, 143-145 (1) (173 SE2d 110), a discussion of what evidence is sufficient to authorize a charge on conspiracy. This enumeration of error is without merit.

4. The court charged that the state must prove that the defendants did knowingly control and possess marijuana. This was a sufficient charge on the law of possession, absent a written request for any specific charge as to possession. Defendant cites *Lee v. State,* 126 Ga. App. 38 (2) (189 SE2d 872), and contends such a charge should have been given in this case. But if he desired that specific language charged he should have filed a written request with the court.

5. The court was not required to charge that a confession of guilt alone, uncorroborated by any other evidence, shall not justify conviction, because in this case there was both direct and circumstantial evidence connecting the defendant Pritchett with the possession of the marijuana by defendant Black.

6. The evidence was sufficient to convict the defendant Pritchett, who confessed that the marijuana was his, and who was holding scissors in his hands when arrested. The evidence was also sufficient to convict defendant Black, as there were bits of plastic material found around her waist, and the marijuana was found in her immediate possession. Both were riding in the same

car and both were in the front seat. The court did not err in refusing to direct a verdict in favor of defendant Pritchett as the evidence authorized a conviction of both defendants.

7. The prosecution, during the trial, introduced testimony as to its investigation and plans to obtain a search warrant. Counsel for defendant objected to the allowance of this evidence because it was irrelevant and immaterial and would tend to show prejudice and bias, and would not explain the conduct of the witness, and should be stricken. No reason was shown why the state was offering this testimony, but in all events, the objection was too general in failing to show why this testimony was irrelevant, immaterial, or showed bias and was prejudicial. No proper objection was made, and this enumeration is not meritorious. *Hayes v. State,* 36 Ga. App. 668, 669 (e) (137 SE 860); *Wilson v. McConnell,* 36 Ga. App. 767 (1) (138 SE 244); *Holland v. Ryals,* 41 Ga. App. 280 (2) (152 SE 852).

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED JANUARY 13, 1975 — DECIDED FEBRUARY 21, 1975 — REHEARING DENIED MARCH 12, 1975 — 

*Sexton & Skidmore, Timothy N. Skidmore, Gerald L. Talansky,* for appellants.

*Ben J. Miller, District Attorney,* for appellee.