50059. THE STATE v. BABB.

CLARK, Judge.
In this search and seizure case, the state appeals from

the order of the trial court sustaining defendant's motion to suppress.

The affidavit by the police officer upon which the search warrant issued set forth the following facts to establish probable cause: "On March 21, 1974, I received information from a confidential and reliable informant that the above described drugs [barbiturates, amphetamines, MDA, opium derivatives] are now being stored, sold and used at the above described location, by a subject named Charles Ovid Babb. Informant states that informant has been at the above described location within the past 72 hours of March 22, 1974. Informant has proven reliability in the past on several occasions supplying information which has led to the arrest of several persons on drug charges and the seizure of various drugs. One of those arrested being Albert Charles Jolly. A surveillance made by the affiant on March 21-22, 1974 observed several people coming and going to the above described location and staying only a few minutes at a time."

The motion to suppress attacked the sufficiency of the affidavit on the ground that it contained no underlying facts by which the magistrate could determine how the informant obtained his information. *Held:*

1. "[T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting. . . Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." United States v. Ventresca, 380 U.

S. 102, 108 (85 SC 741, 13 LE2d 684). Accord, *Driscoll v. State,* 129 Ga. App. 702 (201 SE2d 11).

The critical portion of the affidavit reads: "On March 21, 1974, I received information from a confidential and reliable informant that the above described drugs are now being stored, sold and used at the above described location. . . Informant states that informant has been at the above described location within the past 72 hours . . ." While the affidavit does not explicitly set forth how the informant obtained his information, we think that by a "commonsense and realistic" reading of the affidavit the only reasonable inference which can be drawn is that the informant personally observed the described activities when he was upon the premises.

Our ruling is in accord with *Johnston v. State,* 227 Ga. 387 (181 SE2d 42), cert. den., 404 U. S. 830. In that case, the affidavit read: "On August 26, 1969, an informer told officers that subject had in his room and automobile above described a large quantity of narcotic and dangerous drugs not obtained on prescription. Upon checking, officers determined that this informer was in a position to have seen these narcotic drugs as described by him." In affirming the denial of defendants' motions to suppress, the court ruled: "As to the contention that the affidavits contain no underlying facts as to how the informant obtained his information, the only reasonable inference from the statements, that the informant had stated that the defendants had the illicit drugs and that it had been determined that he had been in a position to have seen them, is that he had personally observed the things about which he told the police officers." P. 389. Compare *Cain v. State,* 128 Ga. App. 146 (195 SE2d 797) where the affidavit failed to indicate that the informant was in a position to have personally observed the contraband.

2. In view of our ruling in Division 1, it is unnecessary to determine whether the trial judge may consider testimony concerning oral information which was presented to the issuing magistrate but was neither recorded nor incorporated in the affidavit.

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

ARGUED JANUARY 10, 1975 — DECIDED MARCH 14, 1975.

*Lewis R. Slaton, District Attorney, R. David Petersen, Gordon H. Miller, Joseph J. Drolet, Assistant District Attorneys,* for appellant.
*Glenn Zell, Al Horn,* for appellee.