## 53645. PARKER v. THE STATE.

MARSHALL, Judge.

The sole issue presented by the defendant's appeal from his conviction of violation of the Georgia Controlled Substances Act is whether the affidavit for the search warrant, pursuant to which the marijuana was seized, was sufficient to establish probable cause. *Held:*

"The general tests to be applied to determine the sufficiency of the affidavit's facts and circumstances to show probable cause, are: (1) that the affidavit gives reasons for the informer's reliability; (2) that the affidavit either specifically states how the informer obtained the information or the tip describes the criminal activity in such detail that the magistrate may know that it is more than a 'casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.' . . . and (3) a time period closely related to the commission of the offense must be affirmatively stated within the affidavit to show that the information contained therein is not stale." *Bell v. State,* 128 Ga. App. 426, 427 (196 SE2d 894) (1973) and cits.

The first test above was met by the following statement in the affidavit: "Affiant has received information from a reliable informer that has given information in the past that has proved to be reliable, and that in the past said informer has given information that resulted in arrests and convictions of defendant [sic] in the Superior Court of Heard County." See *State v. Babb,* 134 Ga. App. 302 (214 SE2d 397) (1975).

Test No. 2 was met by the statement that "the informer observed Tyrone Parker with a large quantity (several pounds) of marijuana on June 17th, 1976. Informer has also observed recently Tyrone Parker selling marijuana in the housing project in the City of Franklin, Georgia. In addition to this, affiant and other law enforcement officials have noticed recently, heavy traffic going to and from said mobile home."

Test No. 3 was complied with by the affidavit's assertion that the informer had observed the defendant with marijuana on June 17, 1976. The informer obviously had then contacted the affiant within a day of observing

the contraband, because the search warrant was issued on June 18, 1976.

The affidavit, given the "practical" and "common sense" interpretation required by the law (*State v. Babb,* 134 Ga. App. 302, supra, (1) and cits.), authorized the search of the defendant's mobile home. It was reasonable to assume, since the reliable informer had seen the defendant with several pounds of marijuana and had seen him selling it in a housing project in town, that he would store the bulk of his stock somewhere. The reasonable probability that this would be in his residence was fortified by the observation of heavy traffic going to and from the mobile home in a community of only 800 to 1,000 persons. For similar cases, see *Pritchett v. State,* 134 Ga. App. 254 (1) (214 SE2d 180) (1975) and *Connell v. State,* 131 Ga. App. 213 (1) (205 SE2d 513) (1974).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED APRIL 6, 1977 — DECIDED APRIL 15, 1977 — REHEARING DENIED MAY 5, 1977 —

*Ken Gordon,* for appellant.

*William F. Lee, Jr., District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.