## 58349. THOMAS v. THE STATE.

CARLEY, Judge.

After his motion to suppress evidence was denied, appellant was tried before the trial judge who found him guilty of violating the Georgia Controlled Substances Act.

Appellant was sentenced to two years, to serve two months with the balance suspended. Also, a $1,000 fine was imposed. The evidence established that, pursuant to a search warrant, police officers entered appellant's apartment where they found a pound of marijuana on a newspaper in a back bedroom. Also found were plastic bags, scales and coin envelopes. Six other persons were present in the apartment, all of whom denied complicity. At two preliminary hearings appellant stated that the marijuana was his and that the other persons present did not have anything to do with it. On the basis of this statement the magistrate dismissed the cases against the others and appellant alone was indicted by the grand jury and subsequently tried. He appeals from the judgment of conviction and the sentence imposed.

1. Appellant asserts that the evidence was insufficient to support the verdict because he was never identified as the individual who committed the crime alleged. However, he was the only person on trial for possession of marijuana found after a search of his apartment. At trial the prosecutor asked one of the arresting officers: "Do you know where *this defendant, Archie Thomas,* was when you conducted the search?" (Emphasis supplied.) The officer replied: "Archie was in the living room at the time the search was conducted and I found the marijuana . . ." There is no merit in this contention. *Blackwell v. State,* 139 Ga. App. 477, 478 (2) (228 SE2d 612) (1976).

2. Appellant also insists that his motion to suppress was erroneously denied because the affidavit supporting it did not demonstrate probable cause in that it (1) contained untrustworthy hearsay and (2) was too vague and conjectural. The affidavit provided as follows: "On or about the 13th of December, I received information from Antonio Stephney who at the time of his arrest stated to me that the marijuana he had on his person he had just obtained from Archie. He also stated that the subject Archie only sold dime bags. Based on this information a buy was made by a confident [sic] and reliable informant who I have used in the past ninety (90) days that led to the arrest of at least three (3) people for possession of marijuana. This buy was made in the following manner.

On or about the 15th I supplied the informant with a $10.00 bill then searched and sent him to the above location. When he returned he gave me a coin envelope which contained what I identified as marijuana."

Appellant's arguments to the contrary, the affidavit here met the test approved by this court in *Sams v. State,* 121 Ga. App. 46 (1) (172 SE2d 473) (1970), to wit: "The affidavit upon which a search warrant is issued must give the reasons for the informer's reliability and must either state how the informer obtained the information or the tip must describe the criminal activity in such detail that the magistrate may know it is more than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." See also *Merritt v. State,* 121 Ga. App. 832, 834 (5) (175 SE2d 890) (1970).

Here two informants were mentioned in the probable cause affidavit. The first was a known informant who at the time of his arrest had marijuana on his person which he said he obtained from "Archie," the appellant, who dealt in "dime bags." A second informant, who had reliably supplied information leading to three arrests for possession of marijuana in 90 days, subsequently returned with a "dime bag" of marijuana which he purchased from appellant at police behest.

"As to the contention that the affidavits contain no underlying facts as to how the informant obtained his information, the only reasonable inference from the statements, that the informant had stated that the defendants had the illicit drugs and that it had been determined that he had been in a position to have seen them, is that he had personally observed the things about which he told the police officers." *Johnston v. State,* 227 Ga. 387, 389 (181 SE2d 42) (1971) (U. S. cert. den. 404 U. S. 830); *State v. Babb,* 134 Ga. App. 302, 304 (1) (214 SE2d 397) (1975). The affidavit here was clearly sufficient when measured by the practical and common sense interpretation of the Fourth Amendment mandated by United States v. Ventresca, 380 U. S. 102, 108 (85 SC 741, 13 LE2d 684) (1965). Accord, *Driscoll v. State,* 129 Ga. App. 702 (201 SE2d 11) (1973); *State v. Babb,* 134 Ga. App. 302, 303, supra.

"The Supreme Court has held that '[o]n motion to suppress evidence, the trial judge sits as the trior of the facts, hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it.' *State v. Swift,* 232 Ga. 535, 536 (207 SE2d 459). In a later case, the Supreme Court stated that 'the trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. Lego v. Twomey, 404 U. S. 477 (1972).' *Woodruff v. State,* 233 Ga. 840, 844 (213 SE2d 689).

"We do not find the trial judge's findings to be clearly erroneous and there is evidence to support his decision. Thus, we are without authority to disturb it. *Orkin v. State,* 236 Ga. 176, 189 (223 SE2d 61)." *State v. Hillman,* 146 Ga. App. 418 (246 SE2d 434) (1978).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 4, 1979 — DECIDED OCTOBER 19, 1979.

*Roman A. DeVille, William H. Smith, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, R. David Petersen, Assistant District Attorneys,* for appellee.