## 58221. CASTLEBERRY v. THE STATE.

McMurray, Presiding Judge.

Defendant Castleberry and a co-defendant, who is not involved in this appeal, were indicted and convicted of possession of more than one ounce of marijuana, a violation of the Georgia Controlled Substances Act. Defendant Castleberry was sentenced to serve a term of three years, and he appeals. *Held:*

1. The trial court did not err in denying defendant's motion to suppress the evidence inasmuch as the information supplied to the magistrate contained information as to the reliability of the informant, described the criminal activity so as to be more than a casual rumor circulating in the underworld, and same was not stale. See *Bell v. State*, 128 Ga. App. 426, 427 (196 SE2d 894); *State v. Babb*, 134 Ga. App. 302, 304 (1) (214 SE2d 397); *Pritchett v. State*, 134 Ga. App. 254 (1) (214 SE2d 180); *Connell v. State*, 131 Ga. App. 213 (1) (205 SE2d 513); *Parker v. State*, 142 Ga. App. 195 (235 SE2d 585).

2. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Code § 38-109. In the case sub judice, the issue involved is whether the evidence was sufficient to exclude every other reasonable hypothesis save that defendant Castleberry was in possession of the marijuana in question. The state's evidence was that the residence in which defendant Castleberry lived with the co-defendant contained drug paraphernalia, drug residue and literature regarding the indoor cultivation of marijuana. In addition, a quantity (more than an ounce) of marijuana was found in the attic, accessible through a trap door from a common area (the bathroom) of the residence. Living potted plants of marijuana were also found located some distance from the residence structure behind a garage and on the opposite side of a fence. Marijuana seeds were found in a cue (pool and billiard) carrying case located in defendant's bedroom. Defendant admitted that this cue case was his property. Although the evidence showed that both the co-defendant and Castleberry lived on the

premises, only Castleberry and his girl friend were there at the time of the search, and they were upstairs. Castleberry testified that he was living in the building on the date of the search and had lived there for a total of two months. He lived downstairs and the bathroom was upstairs. Castleberry had a key to the upstairs and was in the process of moving from the downstairs to the upstairs. He admitted that he lived in both areas of the dwelling. He also admitted that he and co-defendant were the only residents of the dwelling at the time of the search. The above evidence is distinguishable from the facts shown in the cases of *Blankenship v. State*, 135 Ga. App. 482 (218 SE2d 157) and *Granger v. State*, 142 Ga. App. 612, 614 (1) (236 SE2d 762). Rather the case sub judice is more similar to that of *Tamez v. State*, 148 Ga. App. 307, 308 (1) (251 SE2d 159) which holds that the evidence was sufficient to support the verdict. It is not necessary that the state remove every possibility of the defendant's innocence. The mere possibility that someone other than the defendant (note: The other resident was also indicted.) committed the crime charged in the indictment is not such a reasonable hypothesis as must be excluded in order for circumstantial evidence to authorize a conviction of the defendant. See *Eason v. State*, 217 Ga. 831 (2, 3, 4, 5), 839-842 (125 SE2d 488); *Pinson v. State*, 235 Ga. 188, 189 (219 SE2d 125). Further, the testimony shows the defendant admitted ownership of the cue stick case in which less than an ounce of marijuana was found, and the other evidence was sufficient to authorize his conviction of possessing more than one ounce. See *Harris v. State*, 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State*, 236 Ga. 766, 767 (225 SE2d 263); *Moore v. State*, 240 Ga. 807, 811 (II, 1) (243 SE2d 1).

After a careful review of the trial transcript and record we are convinced, and we so hold, that a rational trier of fact (the jury in this case) could readily have found defendant guilty beyond a reasonable doubt of violation of the Georgia Controlled Substances Act (unlawful possession of more than one ounce of marijuana). The trial court did not err in denying defendant's motion for directed verdict on the ground that constructive possession was not established according to law nor in

determining that a substantial quantity of marijuana was seized so as to authorize defendant's conviction of more than one ounce of a controlled substance.

3. The trial court did not err in allowing the various exhibits in evidence, such as smoking devices, pipes, roach clips, which the officers testified were used for smoking marijuana, as well as other paraphernalia involved and found in the residence. Same would show a motive or bent of mind to possess and use marijuana. See *Wall v. State*, 126 Ga. 86 (4), 88 (54 SE 815). Simply because this evidence might tend incidentally to put defendant's character in issue does not make the exhibits inadmissible. See *Anderson v. State*, 206 Ga. 527 (1) (57 SE2d 563).

4. In a colloquy between counsel and the court with reference to a supplemental witness list mailed by the district attorney to defense counsel there was a conflict inasmuch as the district attorney stated in his place that he had mailed a supplemental list of witnesses to defense counsel who stated in his place that he did not receive any such list. However, the court then gave the defense counsel an opportunity to interview the so-called unlisted witnesses before they were allowed to testify, and defense counsel did interview these witnesses. Thereafter, no motion for mistrial or continuance was made. Hence we find no reversible error in the handling of this matter by the trial court. See *Butler v. State*, 139 Ga. App. 92, 93 (227 SE2d 889).

5. The chain of custody with reference to the quantity of marijuana was established with reasonable certainty, and the trial court did not err in allowing in evidence the bag of marijuana as that found in the attic. See *Patterson v. State*, 224 Ga. 197, 199 (2) (160 SE2d 815); *Johnson v. State*, 143 Ga. App. 169 (1), 170 (237 SE2d 681).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED JULY 12, 1979 — DECIDED NOVEMBER 19, 1979 — REHEARING DENIED DECEMBER 13, 1979.

*Ken Gordon,* for appellant.
*H. Lamar Cole, District Attorney, Dwight H. May,*

*Assistant District Attorney,* for appellee.