## 59878. MITCHELL v. THE STATE.

SMITH, Judge.

Appellant was convicted of unlawfully manufacturing marijuana. See Ga. L. 1974, p. 221, as amended (Code Ann. § 79A-811 (j)). He raises six enumerations of error; only one need be considered. We reverse.

The affidavit in support of the search warrant issued in this case states that the "facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: before me came Deputy B. J. Clenny, who on oath says that at approximately 3:00 P.M. this date, July 31, 1979, a reliable informant who has proved to be reliable in the past, brought me evidence from said premises and stated that now concealed within this residence is the above named illegal materials. This informant has yielded information in the past which lead to two warrants being issued." On the motion to suppress, the magistrate testified as follows: "Q. Thinking back to July 31, 1979, can you remember circumstances around this warrant — what was said to you by B. J. Clenny after you made the oath to him? A. What he said to me? Q. Yes, ma'am, the facts that supported this orally. A. (No response.) Q. Do you have any specific knowledge of it? A. I think on the things that he named that he wanted to search for had been seen by this informant." See *Flanders v. State,* 152 Ga. App. 277 (262 SE2d 564) (1979).

On the basis of the affidavit and the above testimony, the magistrate was not authorized to issue a search warrant. " 'The general tests to be applied to determine the sufficiency of the affidavit's facts and circumstances to show probable cause, are: (1) that the affidavit gives reasons for the informer's reliability; (2) that the affidavit either specifically states how the informer obtained the information or the tip describes the criminal activity in such detail that the magistrate may know that it is more than a "casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation". . . and (3) a time period closely related to the commission of the offense must be affirmatively stated within the affidavit to show that the information contained therein is not stale.' *Bell v. State,* 128 Ga. App. 426, 427 (196 SE2d 894) (1973) and cits." *Parker v. State,* 142 Ga. App. 195 (235 SE2d 585) (1977). *Castleberry v. State,* 152 Ga. App. 769 (264 SE2d 239) (1979). In the instant case, there is nothing in the record to establish affirmatively that the information obtained by the confidential informant was current. The affidavit states that the informant told the arresting officer that "now concealed within this residence is the above named illegal materials." The affidavit does not state when the informant made the observations upon which this conclusion was based. It states that the informant "brought me evidence from said premises," but does not state what the "evidence" was, who obtained the "evidence," or when the "evidence" was obtained. Although the magistrate testified that "I think on the things that he [the arresting officer] named that he wanted to search for had been seen by this informant," there is no indication as to when or where such observations had been made. On the basis of the facts in the record, "the magistrate could not make an independent determination as to whether probable cause still existed for the issuance of the warrant. Thus, the search warrant was invalid." *Fowler v. State,* 121 Ga. App. 22 (172 SE2d 447) (1970).

*Covington v. State,* 129 Ga. App. 150 (199 SE2d 348) (1973), relied upon by the state, does not lead to a contrary result. In *Covington* this court held: "The use of the present tense in an affidavit to support a search warrant . . . [e.g., "a reliable informant . . . stated that now concealed within this residence is the above named illegal materials"] in the light of *other recited circumstances,* is sufficient to show the facts recited are current and not stale . . ." (Emphasis supplied.) In the instant case, there are no such "other recited circumstances." All of the information upon which the warrant was issued came from the confidential informant. "[T]here is no indication of the current status of such [information]." *Cochran v. State,* 136 Ga. App. 94, 95-96 (220 SE2d 83) (1975). Nothing in the

record establishes that the informant's information was "so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." Sgro v. United States, 287 U. S. 206, 210 (53 SE 138, 77 LE 260) (1932).

If the informant's observations were current, this fact should have been related to the magistrate. If the magistrate was informed that the informant's observations were current, this fact should have been set forth in the record on the motion to suppress. While "[t]he courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical rather than a common sense manner" (*Lewis v. State,* 144 Ga. App. 847, 848 (242 SE2d 725) (1978)), neither should it condone the issuance of a warrant where the affidavit and oral testimony in support thereof are, at best, patently ambiguous with respect to when the informant obtained his information.

*Judgment reversed. Banke, J., concurs. McMurray, P. J., concurs in the judgment only.*

SUBMITTED MAY 7, 1980 — DECIDED OCTOBER 24, 1980 —
REHEARING DENIED DECEMBER 9, 1980 —

Lee P. Morgan, for appellant.
Ben L. Bateman, District Attorney, Leland K. Hawks, Assistant District Attorney, for appellee.