### 60860. IRBY v. THE STATE.

Banke, Judge.

The appellant was convicted on two counts of a multiple-count indictment charging him with violations of the Georgia Controlled Substances Act and was sentenced to four years on each count, to be served consecutively. On appeal, he contends that he was denied the effective assistance of counsel in that trial counsel failed to move to suppress evidence allegedly obtained by use of a defective search warrant. *Held:*

1. The alleged defect in the warrant is that it is not dated. The affidavit in support of the warrant is also alleged to be defective in that it does not set forth the time or date when the affiant obtained the information offered as a predicate for the warrant's issuance. Copies of both documents are now part of the record on appeal.

The Supreme Court has held that failure to specify the hour of a warrant's issuance constitutes only a technical irregularity within the meaning of Code Ann. § 27-312. See *Houser v. State,* 234 Ga. 209 (5)

(214 SE2d 893) (1975). See also *Merritt v. State,* 121 Ga. App. 832 (2) (175 SE2d 890) (1970). The primary purpose of requiring the date of issuance to be included on the warrant is, of course, to enable both the courts and the law enforcement officials who are called upon to execute the warrant to determine whether an unreasonable delay has transpired between the date of issuance and the date of execution. In this case, the return shows that the warrant was executed on the same date that the supporting affidavit was sworn and subscribed to. It is therefore clear that the warrant was executed on the same date that it was issued, and we accordingly decline to rule that the failure to date the warrant rendered the search illegal.

The failure of the affiant to include in the affidavit the time and date that he received the information offered as a predicate for obtaining the warrant was a defect which could possibly have been cured by the testimony of either the affiant or the magistrate at a hearing on a motion to suppress. See *Butler v. State,* 130 Ga. App. 469 (1) (203 SE2d 558) (1973). Thus, we cannot rule as a matter of law on the basis of the record before us that the search was illegal, and for this reason, we cannot rule that defense counsel's failure to file a motion to suppress constituted ineffective assistance of counsel as a matter of law.

Effective counsel means "not errorless counsel, and *not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective assistance." *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974). Counsel in this case was retained by appellant rather than being appointed for him. Ordinarily, when "defendant selects his own counsel, that counsel truly represents defendant and no mistake or error of his, made in good faith and with earnest and honest purpose to serve his client, can be made basis of claim of reversible error." Fitzgerald v. Estelle, 505 F2d 1334, 1335 (5th Cir. 1974).

2. Appellant also enumerates as error the trial court's charge to the jury, which we have examined carefully. The charges complained of are correct in every respect.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 9, 1980 — DECIDED DECEMBER 5, 1980.

*Charles W. Cook,* for appellant.
*H. R. Thompson, District Attorney, Richard A. Malone, W. S. Askew, Assistant District Attorneys,* for appellee.