## 46978. LEE v. THE STATE.

EBERHARDT, Judge. Mrs. Juanita Lee was convicted of the offense of possessing heroin and sentenced to serve three years in the penitentiary and two additional years on probation. She appeals from the overruling of her amended motion for new trial.

1. The general grounds are without merit. Arresting officers testified that when they raided a motel room Mrs. Lee was found sitting on a bed with a beach bag beside her and her hand in the outside pocket thereof. A box of 100 capsules of heroin was in the pocket of the bag. Her disclaimer of ownership of the bag and its contents did not require the jury to find that she was not in possession thereof. Nor does it matter that other people were found in the room at the same time. Compare *Tant v. State,* 123 Ga. App. 760 (182 SE2d 502).

2. The court charged that "the law recognizes two kinds of possession, actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. The law recognizes also that possession may be sole or joint. If one person alone has actual or constructive possession of the thing, possession is sole. If two or more persons shared actual or constructive possession of the thing, possession is joint," and further charged that the jury would be authorized to convict if they should find, beyond a reasonable doubt, that the defendant "had actual or constructive possession, either alone or jointly with others."

Appellant enumerates as error the reference to constructive possession "because there was no evidence to support this charge." We disagree. The defendant, in her testimony, asserted that she did not own the bag or its contents, but admitted that "It was on the bed near me," and she

did not remember whether she touched it or not—"They (the officers) rushed in the room and I just jumped up. If I touched it I don't remember that." She admitted that she was the only person on the bed. When asked on cross examination whether she denied having had her hand on the bag, answered "No, I will not—I might have." Nobody else was within reach of the bag.

After verdict the evidence is to be construed in the light most favorable to the prevailing party, which in this case is the State. *Wren v. State*, 57 Ga. App. 641, 644 (196 SE 146).

3. All other claims of error have been abandoned.

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*
SUBMITTED MARCH 6, 1972—DECIDED APRIL 4, 1972.

*Glenn Zell*, for appellant.
*Lewis R. Slaton, District Attorney, Joel M. Feldman, Amber W. Anderson*, for appellee.