## 48939. FREEMAN v. THE STATE.

ARGUED JANUARY 16, 1974 — DECIDED JANUARY 30, 1974.

*Joe Salem,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, J.*

*Melvin England, Carter Goode,* for appellee.

DEEN, Judge. 1. The defendant contends that the assistant district attorney violated his Sixth and Fourteenth Amendment rights in his opening statement while introducing others at the counsel table, one of them as "our official agent in charge of what we call our intelligence unit, and he has the responsibility of supervising the information about organized crime and also is involved in certain special unusually important cases." The court ruled that the remark would be improper unless there was evidence sustaining a gangland type slaying. At the conclusion of the evidence the motion was renewed and overruled. We find no error. The evidence as a whole suggested that various persons engaged in pimping, prostitution and other illegal activities, were engaged in a private feud accompanied by threats of bombing a place of business, and that the homicides occurred when two automobiles containing an undetermined number of people hemmed in a third car during an exchange of money and gunned down the two passengers. Even the defendant's statement shed no other light on why, assuming he spoke the truth, the men he shot should have drawn guns on him as he approached their car for the ostensible purpose of bringing them money. "The solicitor-general in commenting on the evidence in his argument may advance and urge any theory as to the motive which is not absolutely inconsistent with the facts and circumstances in proof." *Sterling v. State,* 89 Ga. 807 (15 SE 743).

2. The charge on mutual combat excepted to in the third enumeration of error is taken almost verbatim from that approved in *Cribb v. State,* 71 Ga. App. 539 (3) (31 SE2d 248).

3. Enumerations 4 and 5 complain of the court's instructions on the definition of conspiracy and on repeating Code Ann. § 26-801 and § 26-802. From what we have said in the first division it follows that conspiracy was or might have been involved in the case. A charge on this subject is error only where there is insufficient evidence, circumstantial or otherwise, to support the theory. *Wilson v. State,* 94 Ga. App. 588, 593 (95 SE2d 733).

4. Enumerations 6 and 7 urge error in failing to give certain requests on justifiable homicide. There is no complaint of the instructions regarding justifiable homicide as given, and which appear to be complete and accurate. While the words "the defendant contends" were omitted, it is obvious that the instructions related to the defense urged. Failure to give a charge in the exact language requested will not require a new trial where

it covers substantially the same rules of law. *Hardwick v. Price,* 114 Ga. App. 817 (3) (152 SE2d 905); *Young v. State,* 226 Ga. 553 (5) (176 SE2d 52).

5. The testimony of the eyewitness Sutton is in some details at odds with a statement taken from Sutton's friend, a passenger in his automobile parked up the street. It is contended that the statement was deliberately suppressed and the witness not called to testify, and further that Sutton's testimony, as shown by such statement, is perjured. Under former Code § 110-706 a new trial could not be obtained on perjured testimony unless the guilty party had been convicted and unless the testimony was essential to the verdict being attacked. Although a perjury conviction need no longer be obtained as a condition precedent, it is obvious that courts will not lightly set aside verdicts merely because of contradictions between witnesses and proposed witnesses. Nothing in this record indicates any wilful misstatement on the part of this disinterested bystander. As to the memorandum of Sutton's companion, the contradictions are minor, other evidence substantiates generally the testimony of Sutton, and no disobedience of any law or court order on the part of the district attorney's office is urged to support the "unlawful suppression" charge. This court can reverse a jury verdict only for errors of law, and none is shown here.

6. Enumeration nine is based on alleged newly discovered evidence which might have been offered by one Gary Nicholson. The attached affidavits show that he would have contradicted the evidence of the eyewitness Mrs. Valencia in two particulars: while she placed herself, at the time of the shootout, in her car turning into Bowling Way, he places the car in the adjoining parking lot with her standing beside it (which might have made a difference in visibility) and where she testified that when she and her husband followed the defendant's vehicle after the shooting she both obtained the tag number and a good look at the defendant, Nicholson maintains that she told him they followed the car and obtained the tag number but could not get close enough to identify the occupants. Since the defendant admitted being in the car and admitted the shooting, these discrepancies are not likely to have had any material effect on the verdict. Newly discovered evidence which is merely impeaching and contradictory to evidence given is not of such a character as to require a new trial. *Stuckey v. State,* 176 Ga. 252 (3) (167 SE2d 519); Code § 70-204.

7. (a) A peripheral figure, Larry Gene Barry, was not called as

a witness, but there was testimony placing him at the scene of the crime. Defendant's counsel complains that the special investigator Hewett knowingly misinformed him that this was an assumed name of an unlocated person, whereas it appears the police both knew him and where to locate him. An affidavit by Hewett shows these facts but not when they were discovered; therefore, it cannot be established by the record whether or not Hewett misled defendant's counsel and whether or not he swore falsely as contended. In view of the further fact that what Barry's testimony might have been is a complete mystery, no reversible error is shown.

(b) As to the last enumeration, a party to a cause cannot rely on the presence of a witness in the mistaken belief that she will be subpoenaed by the other side.

*Judgment affirmed. Hall, P. J., and Stolz, J., concur.*