## 51579. McCANN v. THE STATE.

WEBB, Judge.

1. "Merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." *Gee v. State,* 121 Ga. App. 41, 42 (172 SE2d 480). "Neither presence, nor flight, nor both together without more, is conclusive of guilt." *Moreland v. State,* 33 Ga. App. 723, 725 (212 SE2d 866) and cits. Accord: *M. W. W. v. State,* 136 Ga. App. 472 and cits.

2. While the evidence shows that defendant attempted to hide one plastic bag of marijuana weighing less than one ounce and was thus in actual possession of it, the evidence fails to show any actual possession of a paper sack hidden under a bed and containing eleven bags of marijuana. At most there was constructive possession of the eleven bags; but since any number of people had equal access to the storehouse for purposes of storing and obtaining feed, bridles, saddles, tools, etc., the mere presence of defendant in the storehouse which he did not own at the time the marijuana was found by police officers

is insufficient to support a conviction for possessing more than the one bag. Consequently the conviction and sentence for possessing more than one ounce of marijuana (Code Ann. §§ 79A-811(j), 79A-9917) must be reversed on the general grounds.

*Lee v. State,* 126 Ga. App. 38 (189 SE2d 872), relied upon by the state, does not require a different result since in that case the defendant was found sitting on a bed with her hand in the pocket of a beach bag and heroin was in a pocket of the bag. Here the defendant may have been sitting or lying on a bed under which the marijuana was found, but defendant was not shown to have any connection with it other than his mere presence at the time. In these circumstances we do not deem spatial proximity as sufficient.

*Judgment reversed. Deen, P. J., and Quillian, J., concur.*

SUBMITTED JANUARY 14, 1976 — DECIDED JANUARY 30, 1976.

*Ken Gordon,* for appellant.
*William F. Lee, Jr., District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.