## 51961. EVANS v. THE STATE.

CLARK, Judge.

Appellant and his two brothers were tried jointly on two burglary charges. The jury acquitted the three brothers of one count, but found them guilty of the other. Appellant seeks a reversal of the judgment due to alleged errors in the court's instructions to the jury and the alleged insufficiency of the evidence. *Held:*

1. When the defendants were captured by the police, appellant had in his possession a vial of pills and a ring which were shown to have been stolen from the burglarized trailer. Although appellant attempted to explain his possession of the stolen property by testifying that a brother (who admitted his participation in the burglary) had given him the items, appellant had previously offered a different explanation to the police at the time of his arrest. The evidence further showed that appellant was near the trailer on the night it was burglarized and that appellant had attempted to flee from police apprehension.

"Where stolen goods are found in the possession of the defendant charged with burglary, recently after the commission of the offense, that fact would authorize the jury to infer that the accused was guilty, unless he explained his possession to their satisfaction." *Mathews v. State,* 103 Ga. App. 743 (120 SE2d 359); *Floyd v. State,* 137 Ga. App. 181 (223 SE2d 230). It was within the jury's province to believe that appellant's explanation of his possession advanced at trial was not a reasonable or satisfactory one. See *Peacock v. State,* 131 Ga. App. 651 (206 SE2d 582).

We conclude that the evidence presented at trial satisfied the circumstantial evidence rule and was sufficient to authorize the jury's verdict. Accordingly, the general grounds are without merit.

2. In response to the specific question asked by the jury's foreman, the trial judge reinstructed the jury on the law of recent possession of stolen property. Appellant contends that the court erred in failing to recharge the jury on the circumstantial evidence rule in connection with the requested instruction.

Contrary to appellant's contention, the record shows that the trial court did reinstruct the jury on both the circumstantial evidence rule and the burden of proof in its recharge. Even if the court had failed to do so, however, a reversal could not be predicated upon this omission. "Where the jury, after having been charged by the court, returns into court and requests an instruction upon a specific question, it is not error for the judge to confine his instruction to the specific point suggested by the jury's inquiry." *Kimberly v. State,* 4 Ga. App. 852 (4) (62 SE 571). It is within the court's discretion to recharge the jury in full or only upon the point or points requested. *Shouse v. State,* 231 Ga. 716, 720 (13) (203 SE2d 537). Accordingly, this enumeration is without merit.

3. Appellant's remaining enumeration is that the trial court erred in charging the substance of Code § 26-801 relative to parties to a crime. "A charge on this subject is error only where there is insufficient evidence, circumstantial or otherwise, to support the theory. [Cit.]" *Freeman v. State,* 130 Ga. App. 718, 720 (3) (204 SE2d 445). Since the state's evidence strongly suggested a conspiratorial scheme and a joint effort in the perpetration of the burglary, the charge was not erroneous.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED APRIL 5, 1976 — DECIDED APRIL 23, 1976.

*Brannon, Brannon, Thompson & Fox, David A. Fox,* for appellant.
*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.