### 53336. GRANGER v. THE STATE.
### 53337. HAWKINS v. THE STATE.

McMurray, Judge.

A deputy sheriff, working a special assignment at a motel at approximately 1:30 in the morning, received a complaint concerning a room on the second floor as to a loud disturbance and music coming from the room. A number of individuals, three males and two females, were in the room. When the officer knocked on the door defendant Dale Ray Granger pulled a curtain back but did not open the door, stating that one of the females had to get dressed. The officer observed through the curtain, which remained open six or seven inches, that the two females (defendant Wanda Kay Hawkins and defendant Royless Marie Payton) were fully dressed, and he saw defendant Granger rake green vegetable matter into a bag in a dresser drawer. When the officer explained the nature of the complaint defendant Granger agreed to hold the noise down.

The officer then called narcotics investigators. One of the investigators ascertained that the room was registered in the name of Billy Favors, and a search warrant was obtained. Later, the noise resumed. At approximately 4:30 in the morning the officers returned to the room to serve the warrant. When the officers entered, defendant Payton, who was completely nude, ran from the bed (on which defendant Granger was lying) carrying a "conglomeration of things" and ran to the bathroom pursued by one of the officers. She attempted to flush the materials, consisting of various pills and powders, down the toilet, but the officer was able to retrieve "a double handful of the various drugs," but not all of the materials from the flushed toilet, notwithstanding defendant Payton's attempts to push

him out of the bathroom. A vial was found on the floor of the bathroom which had not gone into the toilet, containing a substance individually wrapped in tin foil. Although there was no positive identification of marijuana, and the defendants were not charged with possession of marijuana, there was testimony offered that marijuana residue was found around the toilet bowl, marijuana cigarettes on the bedside table and marijuana residue in the drawer where the officer had earlier seen defendant Granger rake the green vegetable matter. Defendant Hawkins, the other female, was on another bed next to the one from which defendant Payton had dashed with the contraband.

The five individuals in the room, Dale Ray Granger, Billy W. Favors, Royless Marie Payton, Wanda Kay Hawkins and Steven H. Favors, were indicted jointly in eight counts of violation of the Georgia Controlled Substances Act, "control" of Lysergic Acid Diethylamide (LSD), Heroin, Phenmetrazine, Methylphenidate, Secobarbital, Codeine, Acetaminophen and Phencyclidine. The defendants Dale Ray Granger, Royless Marie Payton and Wanda Kay Hawkins were tried together and convicted. The defendant Steven H. Favors had previously entered a plea of nolo contendere, but the record and transcript fail to disclose why the defendant Billy W. Favors was not tried with the defendants Granger, Payton and Hawkins other than that the defendant Billy W. Favors was in jail pursuant to a bench warrant and had been arrested the morning of the trial in the case sub judice. During the trial the defendants Granger, Payton and Hawkins all testified in their own behalf and denied any knowledge of the presence of any of the controlled substances found in the motel room. None of the contraband, as alleged in the indictment to be under the control of the defendants, was found on the person of either the defendant Granger or the defendant Hawkins.

We are concerned here with the appeals of the convictions and sentences of defendants Granger and Hawkins who were convicted on all counts with the exception of the count as to Acetaminophen which count the district attorney apparently felt was defective.

Defendant Granger was sentenced to serve four years on each of the remaining seven counts concurrently. The defendant Hawkins was sentenced to serve three years on each of the remaining seven counts concurrently, but to serve same on probation upon the payment of a fine and complying with other conditions in her sentence. Both defendants Granger and Hawkins filed motions for new trial, as amended, which were denied, and both have appealed. *Held:*

1. The state's evidence failed to establish that these two defendants had either actual or constructive possession of any of the controlled substances charged in the multiple count indictment. All that the state proved was that another defendant (Payton), not involved in this appeal, had the sole possession of the controlled substances. No inference can be drawn from the evidence that the two defendants Granger and Hawkins had possession or any control of the controlled substances. Mere presence and nothing more will not support a conviction. *Blankenship v. State,* 135 Ga. App. 482 (218 SE2d 157); *Braden v. State,* 135 Ga. App. 827, 829 (219 SE2d 479); *McCann v. State,* 137 Ga. App. 445 (224 SE2d 99). As stated in *Braden v. State,* supra, p. 829, "The evidence does not authorize conviction. To say that the evidence here authorizes defendant's conviction would amount to a holding affirming guilt on nothing more than suspicion and conjecture. This we cannot do . . ." Accordingly, we must reverse as to these two defendants with direction that judgments of acquittal be entered as to them.

2. The remaining enumerations of error are rendered moot by the decision reached in Division 1 of this opinion and thus are not addressed.

*Judgments reversed with direction. Bell, C. J., and Smith, J., concur.*

Submitted January 19, 1977 — Decided May 13, 1977 — case no. 53336 Rehearing denied June 22, 1977 —

*Nicholson, Fleming & Blanchard, John Fleming,*

*James M. Thompson,* for appellants.
*Richard E. Allen, District Attorney,* for appellee.