## 56711. TAMEZ v. THE STATE.
## 56749. WHITTINGTON v. THE STATE.

McMURRAY, Judge.

Defendants were indicted in three counts for the possession of controlled substances in violation of the Georgia Controlled Substances Act, same being

Phencyclidine, Benzphetamine, and "2, 5 Dimethoxy-4-Methylamphetamine." The jury returned a verdict of guilty on each count, and both defendants were sentenced to serve three concurrent sentences of five years, two and one-half years outside the confines of the penitentiary on condition that two and one-half years be served within the confines of the penitentiary, being "an absolute condition precedent to the defendant being allowed to serve the remainder of the said sentence on probation." Defendants appeal. *Held:*

1. After placing a room at a motel under observation and observing mysterious and suspicious comings and goings from said room by numerous persons, police officers executed a search warrant, and upon entry found the contraband in plain view on the commode in the bathroom. The two defendants were the sole occupants at the time of the search. Both defendants who had been staying in the room for several days had paid the rent in cash on different occasions. Thus, even though the defendants contend that other persons had stayed in the room off and on and offered evidence to that effect, the evidence here was sufficient to support the verdict of guilty. The trial court did not err in failing to direct a verdict of acquittal at the close of the state's evidence. See *Sheppard v. State,* 138 Ga. App. 597, 599 (4) (226 SE2d 744); *Kenerleber v. State,* 137 Ga. App. 618 (224 SE2d 476).

2. Nor did the trial court err in giving in charge the law of possession, that is, that it must be proved beyond a reasonable doubt that the defendants had actual or constructive, sole or joint, possession of the alleged substances and had knowledge of their presence and characteristics, and that "[a] person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control of a thing is then in constructive possession of it. Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint." The evidence here authorized

the charge as given. See *Lee v. State,* 126 Ga. App. 38 (2) (189 SE2d 872). The equal access rule applies to the two defendants. The case of *Granger v. State,* 142 Ga. App. 612 (236 SE2d 762), differs considerably on its facts even though it involved five individuals in a motel room and the two defendants in that case (Granger and Hawkins) were not found to be guilty of possession where another defendant was proved to be in sole possession of the controlled substances. The rule in that case was that mere presence and nothing more will not support a conviction, citing the case of *Blankenship v. State,* 135 Ga. App. 482 (218 SE2d 157).

*Judgments affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 17, 1978 — DECIDED DECEMBER 1, 1978.

*H. William Sams, Jr.,* for appellants.
*Richard E. Allen, District Attorney, Stephen E. Curry, Assistant District Attorney,* for appellee.