## 59481. THOMAS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant and another made plans to travel to Athens from Atlanta to attend a party on Labor Day weekend, 1978. Two women acquaintances were invited to go to the party with them, the women being under the impression that the party was in South Carolina. After arrival in Athens and attendance at the party, a motel room was secured at Day's Inn, although there is conflict as to who registered for the room. The women contend they were asked rather forcefully to help finance the trip and were told by the men companions to make money by prostituting themselves under threat of bodily harm and that they spent the day window shopping, riding around to the house where the party was, and going back to the motel, and after changing clothes being again dropped off at a club purportedly for prostitution. Instead, they went to the police and reported everything that had happened.

A search warrant was obtained, and the defendant and another were arrested and eventually jointly indicted in a seven-count indictment for violation of the Georgia Controlled Substances Act (unlawful possession of marijuana), as well as robbery (two counts), false imprisonment (two counts), aggravated assault (as to the co-defendant only) and simple battery (as to the defendant Thomas only). The defendant Thomas and the co-defendant were each found guilty by a jury of violation of the Georgia Controlled Substances Act (unlawful possession of marijuana), having been acquitted as to the other counts. Defendant Thomas and the co-defendant were sentenced to serve a term of six years, two years in confinement and upon release from confinement the remainder of the sentence imposed to be served on probation. Defendant Thomas filed a motion for new trial on the general grounds which was denied after a hearing. Defendant appeals. *Held:*

1. Defendant had moved for a directed verdict of acquittal contending there was no conflict in the credible evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, demanded a verdict of acquittal. All enumerations of error with reference to the general grounds of the motion for new trial and the denial of the motion for directed verdict for acquittal are here considered together. The basis of the argument is that the state's evidence failed to establish that this defendant had either actual or constructive possession of the marijuana found when the search warrant was obtained and the police entered the motel room where he was asleep on a bed at the time of the police raid. The state proved that there was a small brown package containing less than an ounce of marijuana on the floor of the room between the beds and a grocery type sack was found under the bed on which defendant was sleeping, containing six ounces of marijuana. No one seemed to want to claim possession of the marijuana. One of the women as a witness testified that she was given a small amount of marijuana by the defendant to carry for him on the trip approximately 28 hours prior to his arrest but not the quantity of the marijuana found in the big paper sack; that she left the marijuana in the motel room and later saw it

and another package, that is, the one she had was on the night stand and another on a bed, although she was not sure it was the same one that she had been given. She testified that she at no time saw the other defendant with any marijuana. The cases cited by the defendant, such as *Gee v. State,* 121 Ga. App. 41, 42 (172 SE2d 480); *McCann v. State,* 137 Ga. App. 445 (224 SE2d 99); *Granger v. State,* 142 Ga. App. 612 (236 SE2d 762); *Hawkins v. State,* 141 Ga. App. 31 (232 SE2d 377), all deal with constructive possession in a different context than the case sub judice and are not controlling here. The defendant here is contending that since the room was not registered in his name he had no actual or constructive possession of the marijuana, others having equal access to it, hence the trial court should have directed the verdict in his favor. However, the testimony discloses that he had had some marijuana in his possession and when the search warrant was executed the marijuana was found in the room where defendant was sleeping, the six ounce quantity in a sack under his bed and a smaller amount between the beds. Certainly the marijuana belonged to someone, if not all, in this motel room. The jury, as sole and exclusive judges of the credibility of the witnesses, elected to disbelieve defendant's testimony and to find him guilty of the possession of marijuana. *Tippins v. State,* 146 Ga. App. 448, 449 (3) (246 SE2d 458). See also *Tamez v. State,* 148 Ga. App. 307, 308 (1) (251 SE2d 159); *Castleberry v. State,* 152 Ga. App. 769. After a careful review of the trial transcript and record we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could readily have found the defendant guilty beyond a reasonable doubt. See *Payne v. State,* 151 Ga. App. 165, 166 (259 SE2d 168); *Whatley v. State,* 151 Ga. App. 174, 175 (259 SE2d 175). The enumerations of error involving the sufficiency of the evidence are not meritorious.

2. Error is enumerated as to two written requests to charge with reference to constructive possession and non-exclusive possession. Both of these written requests can be said to be argumentative in nature in that they are couched in language more favorable to the defendant. However, the court did give a fair and accurate charge on the issue of actual and constructive possession, giving in

substance the charge found in *Lee v. State,* 126 Ga. App. 38 (2) (189 SE2d 872), that a person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons shared actual or constructive possession of a thing, possession is joint. The court also in its instructions as to reasonable doubt with reference to the various offenses with which the defendant was indicted charged the jury on the state's burden of proving the defendant's guilt beyond a reasonable doubt of a specific offense.

The court likewise charged the substance of defendant's written request No. 4 that where two or more persons are indicted jointly that each defendant is entitled to be considered separately by you as to his guilt or innocence; that in considering the evidence the jury should not treat the defendants as a single entity or unit but to consider the guilt or innocence of each of them as individuals and distinct from one another and further the guilt of any one of the defendants must be determined on the facts showing what part he had in the commission of the crime charged, and the guilt of one person named in the indictment creates no presumption of the guilt of any other. This charge was evidently derived from *Mixon v. State,* 123 Ga. 581, 582 (7), 585 (51 SE 580).

The trial court, having given a fair and accurate charge on the issue of actual and constructive possession, did not commit reversible error in failing to use the particular language of the written request here. See *Burnett v. State,* 240 Ga. 681, 687 (7) (242 SE2d 79); *Howard v. State,* 151 Ga. App. 759 (261 SE2d 483).

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED FEBRUARY 5, 1980 — DECIDED FEBRUARY 29, 1980 —

*Edward D. Tolley,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.