64674. STEELE v. THE STATE.

CARLEY, Judge.
Appellant was indicted for two counts of murder and one count of aggravated assault with intent to murder. Following a jury trial, he was acquitted on the two counts of murder but convicted of aggravated assault with intent to murder. From the denial of his motion for new trial, appellant appeals.

The testimony adduced at trial would authorize the jury to find the following: Appellant sold a quantity of cocaine to Larry Marsengill and Steve Perry. After testing the drug, Marsengill and Perry discovered it was not of good quality. A mutual friend was contacted to arrange a meeting so Marsengill and Perry could have their money refunded by appellant.

Upon appellant's arrival at the meeting site, a discussion took place. Appellant said that he did not have the money but that he could arrange it with his "money man." Appellant was then driven to the apartment where his "money man" lived, and was allowed to go

inside while the others remained in the truck. The apartment was the residence of appellant's co-defendants, Pete McAllister and Kevin James. Appellant explained to McAllister and James that three men were outside and that they wanted their money or they were going to kill him. McAllister responded that he did not have the money and that he, McAllister, would kill them. McAllister and James then left the apartment to locate weapons. Appellant waited in the truck with the victims. Eventually, the two co-defendants arranged an ambush in a nearby park, and co-defendant James led the victims and appellant to the park. When the group arrived at the park, shots were fired. Two men in the truck were killed. Appellant ran behind a dumpster for cover. Later observing one of the victims, Marsengill, racing out of the park in the truck, appellant fired towards the truck. There is no evidence that Marsengill or the truck was hit. Appellant fled the scene and was later arrested.

1. Appellant contends that the evidence presented is not sufficient to corroborate his confession and that, under Code Ann. § 38-420, he cannot be convicted on his confession alone. "The question of the amount of evidence necessary to corroborate a confession is left to the jury . . . and the jury 'may consider the confession along with other facts and circumstances independent of and separate from it in determining whether or not the corpus delicti has been established to their satisfaction.' [Cit.]" *Griswold v. State,* 159 Ga. App. 22, 24 (282 SE2d 679) (1981).

In the present case, Detective Evans testified that appellant admitted that he had fired the gun in the park. Appellant also testified at trial and admitted firing his gun "towards the truck area . . ." By way of corroboration, Detective Evans testified that appellant's gun was found at the location where appellant said he had hidden it, and that the gun had seven spent cartridges and two failed cartridges. Furthermore, Marsengill testified that as he was driving the truck out of the park, he heard several shots fired rapidly. The confession was sufficiently corroborated as required by Code Ann. § 38-420.

2. Appellant enumerates as error the general grounds.

As discussed in Division 1, appellant, in his post-arrest statement and in his testimony at trial, admitted that he fired in the direction of the truck as Marsengill was driving out of the park. Appellant also testified that Marsengill's truck almost struck the trash dumpster behind which appellant was hiding, thus authorizing a finding that Marsengill was close enough to be hit by appellant's shots. Appellant also fired or attempted to fire all nine rounds of his gun. From the evidence presented at trial, a rational trior of fact could reasonably have found the appellant guilty beyond a reasonable doubt of aggravated assault with intent to murder. *Zilinmon v. State,*

234 Ga. 535 (8) (216 SE2d 830) (1975).

Appellant further contends that his conviction cannot stand because the evidence showed that he was being kidnapped by the three men in the truck and was acting in self-defense under Ga. Code Ann. § 26-901 (a) and Ga. Code Ann. § 26-902 (a). "An appellate court considers only the sufficiency and not the weight of the evidence. [Cit.] The evidence, while not without conflict, authorized the jury to believe that appellant did not act in self-defense. [Cit.]" *Young v. State,* 243 Ga. 546, 547 (255 SE2d 20) (1979).

3. Appellant contends the trial court erred by not requiring all those who were present during appellant's post-arrest interrogation to testify at the Jackson-Denno hearing. "[T]he defendant has the right to a hearing outside the presence of the jury on the question of the voluntariness of any in-custody statements or confessions that he has made. [Cit.] At such hearing, the state must prove voluntariness by a preponderance of the evidence [cits.], and in order to make this determination, the judge must consider the 'totality of the circumstances' surrounding the statement. [Cits.]" *Porter v. State,* 143 Ga. App. 640 (239 SE2d 694) (1977). However, there is no absolute requirement that all law enforcement officers present when in-custody statements are made must be called by the state during a Jackson-Denno hearing. *Whiddon v. State,* 160 Ga. App. 777 (1) (287 SE2d 114) (1982). Although in the present case the state offered the testimony of only one of the officers, appellant was fully aware that two other law enforcement officers were present when he made his statement. The officers who did not testify were made available at the hearing, and the trial judge made it clear that appellant could call the officers as his own witnesses. Appellant did call one of the officers to testify, but declined to call the third. "Under the circumstances in this case we are not persuaded that the state's failure to call [all] officers denied appellant [his] right to a full investigation of all circumstances surrounding [his] statement. [Cits.]" *Whiddon v. State,* supra, 778.

4. Asserting that his character was wrongfully placed into issue, appellant enumerates as error the denial of his motion for mistrial. During cross-examination of a state's witness, the appellant's attorney elicited testimony that appellant had made an earlier statement to the witness. Appellant's earlier statement was to the effect that he went to the park armed, knowing the ambush of the victims was to take place for the purpose of "ripping them off." The witness further stated he believed armed robbery was a felony. Appellant contends the witness' testimony wrongfully put appellant's character in issue. The trial court correctly denied the motion for mistrial because the testimony was elicited from the

witness on cross-examination by appellant's own counsel. "Where counsel on the cross-examination of a witness takes a chance by propounding a dangerous question, he will not be heard to object to the answer, no matter how prejudicial it may be, if the answer is a direct and pertinent response to the question." *Scott v. State,* 57 Ga. App. 187 (1) (194 SE 844) (1938); *Gaddy v. State,* 96 Ga. App. 344 (2) (99 SE2d 837) (1957).

5. Appellant argues that the trial court erred in failing to make the state comply with the court's order granting appellant the right to inspect, examine and test physical evidence. Appellant's contention in this regard is completely unsupported by the record and, therefore, without merit.

6. Appellant finally argues that the trial court erred in refusing an inspection of the state's file under Brady v. Maryland, 373 U.S. 83 (83 SC 1194, 10 LE2d 215) (1963), and by refusing to have that file sealed and preserved for review on appeal.

The record shows that, prior to trial, appellant made a general motion for discovery pursuant to Brady. Appellant also requested that the court conduct an in camera inspection of the documents, and that any documents not presented to appellant be reproduced and sealed for appellate review. Pursuant to the motion for discovery, the trial court ordered the state to disclose any favorable evidence to appellant. The trial court did not conduct an in camera inspection at this time. "[A] trial court is not required to conduct an in camera inspection of the state's file in connection with a 'general' Brady motion unless, after the state has made its response to the motion, the defense makes a request for such an inspection. [Cits.]" *Tribble v. State,* 248 Ga. 274, 275 (280 SE2d 352) (1981). In the case at bar, appellant did not make a request for an in camera inspection after the state had made its response to the motion.

The record shows that it was not until during the trial the appellant again requested an in camera inspection, specifically for the discovery of a statement given by a state's witness in possession of the state. The state agreed to provide a copy of the requested statement to appellant, and appellant did not afterwards request a further inspection. Thus, the trial court correctly held that the in camera inspection in furtherance of the specific request was unnecessary as "the trial court is not required to conduct an in camera inspection of the state's file in connection with a 'specific' Brady motion unless, after the state has made its response, the defense makes a request therefor. [Cits.]" *Tribble,* 248 Ga. at 276, supra. Compare *Osborn v. State,* 161 Ga. App. 132, 137 (291 SE2d 22) (1982) where defendant specifically requested a disclosure of exculpatory material and then requested a general in camera

inspection due to dissatisfaction with state's response. In the instant case, appellant received the material he requested under the specific motion, obviating the need for an in camera inspection therefor. Appellant made no further request for an inspection.

Appellant, at that point, although making no further request for an in camera inspection, did ask that the District Attorney's file be copied, sealed, and preserved for review on appeal. The Supreme Court and this court have held that only materials which have been *examined* by the trial court need to be sealed, preserved, and copied for review on appeal. *Barnes v. State,* 157 Ga. App. 582, 584 (2) (277 SE2d 916) (1981); *Wilson v. State,* 246 Ga. 62, 65 (268 SE2d 895) (1980). As the trial court did not conduct an in camera inspection of any materials in the District Attorney's file, appellant's motion to have that file copied, sealed and preserved for review was properly denied. We find no error.

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED MARCH 8, 1983 —
REHEARING DENIED MARCH 28, 1983 —

*J. Ralph McClelland III, J. Ralph McClelland, Jr.,* for appellant.
*Robert E. Keller, District Attorney, William L. McKinnon, Jr., Assistant District Attorney,* for appellee.