## 66791. KING v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant, tried and convicted for burglary, appeals to this court. His sole enumeration of error is that the evidence was insufficient to authorize the trial judge's charge in the language of OCGA § 16-2-20 (Code Ann. § 26-801) regarding when a person is a party to a crime. *Held:*

As this court pointed out under the antecedent code section (Code Ann. § 26-801) to our present OCGA § 16-2-20: "A charge on this subject is error only where there is insufficient evidence, circumstantial or otherwise, to support the theory." *Freeman v. State,* 130 Ga. App. 718, 720 (3) (204 SE2d 445). Accord, *Evans v. State,* 138 Ga. App. 460 (3) (226 SE2d 303).

The cases cited by counsel for the defendant (see *Parker v. State,* 155 Ga. App. 617 (271 SE2d 871); *Moore v. State,* 240 Ga. 210 (240 SE2d 68)) are distinguishable on their facts. Here, the evidence was ample to establish beyond a reasonable doubt the defendant's participation in the crime. There was evidence that he directly participated, that he aided and abetted and that he counselled and encouraged the commission of the crime charged in the indictment. *Grant v. State,* 47 Ga. App. 234 (170 SE 394); *Hannah v. State,* 125 Ga. App. 596, 598 (2) (188 SE2d 401); *Moran v. State,* 139 Ga. App. 274, 275 (1) (228 SE2d 216); *Dixon v. State,* 243 Ga. 46, 47 (252 SE2d 431). Therefore, a charge utilizing the language of OCGA § 16-2-20 (Code Ann. § 26-801) was warranted.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 22, 1983.

*Kenneth A. Smith,* for appellant.

*Arthur E. Mallory III, District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.