### 68651. WALKER v. THE STATE.
(321 SE2d 772)

CARLEY, Judge.

Appellant was convicted of two counts of theft by receiving stolen property. He appeals.

1. One count of the indictment against appellant was based upon his possession of a stolen power saw. The other count involved a stolen van. Appellant enumerates the general grounds with regard to the allegation concerning the vehicle.

There was evidence from which the jury could find that a van was stolen when its owner left it unattended outside a store. A person identified only as "Tony" drove the van to the apartment complex where appellant resided. He asked appellant to keep an eye on it for him, and he offered to compensate appellant for his services in that regard. Two juveniles saw appellant and another person in and around the vehicle, looking through its contents. Tony then departed, leaving appellant to guard the van, and appellant removed a power saw which had been inside it. Appellant subsequently attempted to sell the saw to an acquaintance, but was unsuccessful. The saw was recovered from the bathtub of appellant's apartment, and the van was recovered from the parking area adjacent to the apartment.

Although appellant did not testify at trial, he gave both oral and written statements to police officers after his arrest. These statements, which were read into evidence, were consistent with the evidence outlined above. There was further testimony that appellant told an officer that Tony had informed him (appellant) that the van was stolen. The evidence was sufficient for a rational trior of fact to determine beyond a reasonable doubt that appellant was guilty of theft by receiving the van as well as the power saw. *Stovall v. State*,

167 Ga. App. 69 (306 SE2d 14) (1983); *Hamilton v. State*, 164 Ga. App. 62 (296 SE2d 257) (1982).

2. The trial court tracked the language of OCGA § 16-8-7 in charging the jury that "a person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen . . . ." Appellant enumerates this charge as error, in that the indictment against him charged only that he "did retain" the property, and not that he received or disposed of it.

" 'It is not usually cause for new trial that an entire Code section is given. [Cit.] This is so even though a part of the charge may be inapplicable under the facts in evidence. [Cit.]' [Cits.]" *Brown v. State*, 159 Ga. App. 901, 902-903 (285 SE2d 552) (1981). In the instant case, in addition to charging the entire Code section, the trial court also instructed the jury that the State had the burden of proving each and every material allegation of the indictment. The jury was further charged that it would be authorized to find appellant guilty if it determined beyond a reasonable doubt that appellant committed "the crime of theft by receiving stolen property, as charged in this indictment in counts one and two . . . ." The indictment itself was sent out with the jury during its deliberations. Under these circumstances, it is not likely that the jury was misled into believing that it could convict appellant if it found that the evidence supported a form of theft by receiving which was not specified in the indictment. Accordingly, we find no reversible error. *Searcy v. State*, 168 Ga. App. 233 (308 SE2d 621) (1983); *Bagley v. State*, 153 Ga. App. 777 (266 SE2d 804) (1980).

3. Appellant finally enumerates as error the trial court's charging the jury on parties to a crime. See OCGA § 16-2-20. Although appellant concedes that the charge was a correct statement of law, he contends that it was misleading in this particular case.

" 'A charge on [parties to a crime] is error only where there is insufficient evidence, circumstantial or otherwise, to support the theory.' [Cits.]" *King v. State*, 168 Ga. App. 123 (308 SE2d 240) (1983). There was evidence in the instant case that another person (presumably Tony) and appellant were jointly in possession and control of the stolen van while it was parked near appellant's apartment. There was no evidence that this other person was the principal thief who actually stole the van. Even appellant, in his oral and written statements, avoided making the conclusion that Tony had stolen the vehicle, rather than having received it after it had been stolen. Thus, there was some evidence from which the jury could reasonably find that more than one person was involved in the crime of theft by receiving stolen property. " 'It is well established that an instruction is not inapplicable where there is any evidence, however slight, on which to

predicate it. [Cit.] To justify a charge on a given subject, it is not necessary [that] there should be compelling evidence giving rise to that point; it is enough if there be something from which a legitimate process of reasoning can be drawn from it by the jury.' [Cit.]" *Garnett v. State*, 167 Ga. App. 792, 793 (307 SE2d 692) (1983). The trial court did not err in charging on parties to a crime.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 5, 1984.

*Lawrence L. Schneider*, for appellant.

*Robert E. Wilson, District Attorney, Michael M. Sheffield, Assistant District Attorney*, for appellee.