69915. JONES v. THE STATE.

(331 SE2d 633)

Pope, Judge.

After a trial by jury, appellant was convicted of trafficking in cocaine as defined in OCGA § 16-13-31 (a).

1. In two related enumerations of error, appellant challenges the denial of his motion in limine to preclude introduction of his statement made to Judge Hart, Magistrate of Lowndes County, Georgia. Outside the presence of the jury, the trial court conducted a *Jackson-Denno* type hearing to determine the admissibility of the statement. The following facts were adduced therein: On March 12, 1984 appellant appeared before Judge Hart at the Lowndes County Jail for preliminary arraignment on the charge of trafficking in cocaine. During the course of the proceedings, Judge Hart advised him fully and thoroughly of his constitutional and *Miranda* rights, including but not limited to the rights to remain silent and the use to which any statement he might choose to give could be made. Appellant verbally acknowledged his understanding and signed a form to that effect. Throughout the arraignment proceeding, appellant kept telling Judge Hart that he wanted to make a statement. Judge Hart informed him that it was inappropriate at that time. When appellant persisted, Judge Hart told him that if there was anything he wanted to say after the completion of the arraignment procedure, he would be glad to talk with him. At the conclusion of the procedure, appellant still wished to talk with the judge. At appellant's request Judge Hart took appellant aside to a small room in the jail. They were accompanied by Deputy Godwin. Judge Hart again informed appellant of his rights and ascertained that appellant understood and was speaking voluntarily. Appellant then told Judge Hart that he wished to plead guilty because the contraband (187.2 grams of cocaine) was his; that the others charged with him knew nothing about the contraband cocaine; and that he alone had brought the drugs into the state without their knowledge. Judge Hart told him that he was not authorized to accept his guilty plea to the felony of trafficking in cocaine, but that he would see that the proper authorities were informed.[1] He also advised appellant to talk with a lawyer and gave appellant the opportunity to change or withdraw his statement. Appellant declined to do so. Judge Hart further testified that at all times appellant appeared to understand the proceedings and his rights; that he did not appear to be under the influence of alcohol or drugs; and that he was rational.

The trial court found that after being fully advised of his rights and indicating his understanding, appellant instigated the conversa-

[1] Apparently any guilty plea which may have been entered by appellant was withdrawn.

tion with Judge Hart who responded to appellant's request that his statement be taken. Accordingly, the trial court allowed into evidence by testimony *only that part of appellant's statement pertaining to the ownership of the contraband.* The trial court expressly disallowed and precluded mention of the portion of the statement indicating appellant's wish to enter a guilty plea. This ruling was strictly adhered to during the trial and the jury heard no reference to appellant's attempt to plead guilty.

Appellant argues that his statement or confession was given to Judge Hart "during the guilty plea process" and, under *Mathis v. State*, 145 Ga. App. 754 (245 SE2d 41) (1978), its mention is prohibited. This court held in *Mathis* that "it was error for the court to allow the prosecuting attorney to examine defendant as to whether he had previously entered and withdrawn a guilty plea in this case. . . ." While it is absolutely true that harmful error would have resulted from permitting reference to appellant's attempt to plead guilty, this simply did not happen and the holding in *Mathis* is not applicable to the facts of this case. Contrary to appellant's assertions, we do not find appellant's statement admitting ownership of the contraband to be inadmissible merely because it was made to Judge Hart following the preliminary arraignment proceeding. See generally *Stone v. State*, 166 Ga. App. 245 (2) (304 SE2d 94) (1983). Judge Hart's uncontradicted testimony showed that his conversation with appellant was in no way prompted by any interrogation. Rather, it is clear that appellant sought to speak with the magistrate and volunteered the fact of his ownership of the cocaine. Although appellant contends that the State was obligated to either present Deputy Godwin's testimony at the hearing or to have him available as a witness, "[t]his is not the rule in Georgia. . . . 'The standard the [S]tate was required to meet before the trial judge concerning the statement was to show it voluntary by a preponderance of the evidence considering the totality of the circumstances.' *Lawrence v. State*, 235 Ga. 216, 219 (219 SE2d 101) [(1975)]." *Bridges v. State*, 155 Ga. App. 369 (1) (271 SE2d 25) (1980). See *Copeland v. State*, 162 Ga. App. 398 (3) (291 SE2d 560) (1982). We note that appellant presented no evidence to challenge or contradict Judge Hart's testimony, nor did he seek a continuance to produce Deputy Godwin to testify. Under the totality of the circumstances, the trial court was warranted in finding that appellant's inculpatory statement or confession was freely given and was admissible on the issue of his ownership of the contraband. See *Fudge v. State*, 164 Ga. App. 392 (1) (297 SE2d 329) (1982). See also *House v. State*, 170 Ga. App. 53 (6) (316 SE2d 36) (1984); *Simmons v. State*, 164 Ga. App. 643 (3) (298 SE2d 313) (1982).

2. Appellant next enumerates as error the denial of his motion for directed verdict of acquittal made at the close of the State's evidence.

Appellant argues that even if the statement or confession was legally admissible, the State failed to produce independent corroborating evidence sufficient to sustain his conviction. See OCGA § 24-3-53. Viewing appellant's remarks to Judge Hart as a confession, "the rule is applicable that a conviction may be lawfully had upon a free and voluntary confession although corroborated only by proof of the corpus delicti." *Brown v. State,* 167 Ga. App. 851, 853 (307 SE2d 737) (1983). In this case, the State adduced evidence to show that on March 10, 1984 law enforcement authorities, acting pursuant to a search warrant, entered Room 165 of the Jolly Inn in Valdosta, Georgia. The motel room was registered to Claudia Washington. Upon entry the officers found appellant lying across one of the two double beds in the room. The other, located on the south side of the room, was occupied by Ms. Washington and a Mr. Howard. The search of the room revealed two paper bags containing a combined quantity of 187.2 grams of cocaine. One of the paper bags contained a bag of cocaine and was found partially under the south bed between the bed and the wall on top of some clothing and luggage. The other paper bag contained a plastic bag holding seven smaller plastic bags of cocaine. It was found between the mattresses of the south bed. Paraphernalia for cocaine use was found in the area of the sink. Appellant gave the police a false name upon his arrest and persisted in doing so as he was processed at the jail.

Appellant asserts that his presence in the room is insufficient to justify his conviction by corroborating his confession. We disagree. "The quantum of evidence necessary to corroborate a confession is entirely for the jury to decide, as it may consider the confession along with other facts and circumstances independent of and separate from it in determining whether or not the corpus delicti has been established to their satisfaction." *Hilliard v. State,* 128 Ga. App. 157, 160 (195 SE2d 772) (1973). Accord *Reynolds v. State,* 168 Ga. App. 555 (1) (309 SE2d 867) (1983); *Steele v. State,* 166 Ga. App. 24 (1) (303 SE2d 462) (1983). The jury was authorized to find sufficient evidence in corroboration of appellant's confession. The trial court did not err in denying appellant's motion for directed verdict of acquittal. See OCGA § 17-9-1 (a). Reviewing the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could have found appellant guilty of the offense of trafficking in cocaine beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Humphrey v. State,* 252 Ga. 525 (1) (314 SE2d 436) (1984); see also *Evans v. State,* 167 Ga. App. 396 (1) (306 SE2d 691) (1983), overruled on other grounds, *Teague v. State,* 252 Ga. 534 (1) (314 SE2d 910) (1984).

3. The evidence in this case authorized the trial court's charge concerning "parties to a crime" as set forth in OCGA § 16-2-20. " 'A

charge on this subject is error only where there is insufficient evidence, circumstantial or otherwise, to support the theory. (Cit.)' [Cit.]" *Evans v. State*, 138 Ga. App. 460, 461 (226 SE2d 303) (1976). Accord *Walker v. State*, 172 Ga. App. 7 (3) (321 SE2d 772) (1984); *King v. State*, 168 Ga. App. 123 (308 SE2d 240) (1983). The trial court, thus, did not err in charging OCGA § 16-2-20. See *Battle v. State*, 231 Ga. 501 (202 SE2d 449) (1973). We point out that the jury was fully and properly charged, inter alia, on the principles of equal access; possession (see *Tamez v. State*, 148 Ga. App. 307 (2) (251 SE2d 159) (1978)); mere presence as insufficient evidence of possession (see *Granger v. State*, 142 Ga. App. 612 (1) (236 SE2d 762) (1977)); as well as the insufficiency of an uncorroborated confession (see OCGA § 24-3-53). There is no merit to this enumeration of error.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED MAY 15, 1985.

*Gary M. Wisenbaker*, for appellant.
*H. Lamar Cole, District Attorney*, for appellee.