### 71688. LOVELL v. THE STATE.
### (345 SE2d 645)

McMURRAY, Presiding Judge.

The defendant was charged by way of accusation with possession of marijuana in the State Court of Hall County, Georgia, and was tried before a jury on July 29 and 30, 1985. The evidence adduced at trial, construed most favorably to support the verdict, showed that in the early morning hours of October 25, 1984, the defendant was arrested and charged with public drunk, disorderly conduct, and obstruction of an officer. While the defendant was in police custody, an inventory search was done of the Datsun 240Z automobile in which the defendant was a passenger. A bag of marijuana was found in the "glove box" of the automobile. The defendant admitted the marijuana was his. From this and other evidence adduced at trial, the jury found the defendant guilty of possession of marijuana. The defendant was sentenced to serve 12 months in confinement. This sentence was to be suspended upon the payment of a $500 fine. The defendant moved for a new trial which was denied and he now appeals. *Held*:

1. In his first enumeration of error the defendant contends the trial court "erred when it allowed a confession to be used in the trial of the case, because the confession was not freely and voluntarily given, without hope of benefit or fear of injury."

Before the testimony relating to the defendant's statement was introduced into evidence, the trial court conducted a hearing in accordance with *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908), where Don Lloyd, a former police officer with the City of Gainesville Police Department, testified that, prior to questioning, the defendant was advised fully of his *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), rights. Lloyd further testified that the defendant stated several times before his statement that he understood his rights. In fact, upon cross-examination, the defendant stated that he had been an attorney "[g]oing on . . . 9 years," had practiced criminal law, and understood his rights under *Miranda v. Arizona*, 384 U. S. 436, supra.

Although the evidence was conflicting as to what transpired while

the defendant was in police custody, the trial court found "that the admissions and confessions of the accused were knowingly, understandabl[y], intelligently, freely and voluntarily made by the accused, and not induced by the hope of reward or fear of harm or injury, and will be received in evidence before the jury if offered by the State." "[W]e must accept this factual determination unless it is shown to be clearly erroneous. [Cits.]" *Williams v. State,* 174 Ga. App. 56, 58 (3) (329 SE2d 226). Under the facts and circumstances of the case sub judice, we do not find that the trial court's determination was clearly erroneous. Consequently, the trial judge did not err in allowing testimony of the defendant's statement at trial.

2. In his second enumeration of error the defendant argues the trial court erred in failing "to charge the jury on the law of confessions." This argument is without merit. The defendant did not timely submit requests to charge on the instruction at issue. "Absent a timely request, the trial court did not err in failing to charge on the evidentiary weight to be given admissions and confessions or in failing to charge that an uncorroborated confession is insufficient to support a conviction. See *Williams v. State,* 196 Ga. 503 (2) (26 SE2d 926) (1943). See generally OCGA § 24-3-53 (Code Ann. § 38-420)." *Hunt v. State,* 166 Ga. App. 524, 525 (2) (304 SE2d 576).

3. In his final enumeration of error the defendant contends that the trial court erred in failing to grant his motion for new trial because the State failed to produce independently corroborating evidence sufficient to sustain his conviction. We do not agree. The incriminating statement made by the defendant was sufficiently corroborated by the evidence showing that the marijuana was found in the glove compartment of the automobile wherein the defendant was riding moments before his arrest. The presence of the marijuana in a close proximity to the defendant prior to his arrest is sufficient to justify his conviction by corroborating his confession. " 'The quantum of evidence necessary to corroborate a confession is entirely for the jury to decide, as it may consider the confession along with other facts and circumstances independent of and separate from it in determining whether or not the corpus delicti has been established to their satisfaction.' *Hilliard v. State,* 128 Ga. App. 157, 160 (195 SE2d 772) (1973). Accord *Reynolds v. State,* 168 Ga. App. 555 (1) (309 SE2d 867) (1983); *Steele v. State,* 166 Ga. App. 24 (1) (303 SE2d 462) (1983). The jury was authorized to find sufficient evidence in corroboration of [defendant's] confession. The trial court did not err in denying appellant's motion for [new trial]." *Jones v. State,* 174 Ga. App. 783, 785 (2) (331 SE2d 633). Compare *Hunt v. State,* 166 Ga. App. 524, 525 (1), (2), supra.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED MAY 14, 1986.

*G. Donald Pulliam*, for appellant.
*Jerry Rylee, Solicitor*, for appellee.