## A95A2130. BEDINGFIELD v. THE STATE.
(464 SE2d 653)

JOHNSON, Judge.

Andrew Bedingfield appeals from his possession of cocaine conviction.

1. Bedingfield challenges the sufficiency of the evidence supporting his conviction. In considering this challenge, we must review the evidence presented at trial in the light most favorable to support the verdict. *Jackson v. State*, 213 Ga. App. 170 (1) (444 SE2d 126) (1994). Viewed in that light, the evidence in the instant case is sufficient to uphold Bedingfield's conviction.

Police officer Richard Daly testified that he and another officer walked up to a parked car in which Billy Underwood, the car owner, was sitting in the driver's seat and Bedingfield was sitting in the front passenger seat. Daly shined his flashlight into the car and observed a plastic bag containing a large piece of crack cocaine on the car's console next to Bedingfield. The officers removed Bedingfield and Underwood from the car and then found two more pieces of crack cocaine, a device used for smoking and a pocketknife in the car. Underwood testified that Bedingfield had purchased the cocaine for them to smoke. Bedingfield did not testify, but presented two other witnesses who contradicted testimony given by Underwood. Bedingfield's work supervisor testified that he was with Bedingfield for most of the day before Bedingfield's arrest, and another witness testified that on the

day of the arrest Underwood tried to sell cocaine to her. Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Bedingfield guilty beyond a reasonable doubt of possessing cocaine. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hayes v. State*, 205 Ga. App. 820, 821-822 (2) (423 SE2d 729) (1992).

2. Bedingfield contends the court erred in denying his motion to suppress the cocaine and other items found in Underwood's car. This contention is without merit because the court correctly ruled that Bedingfield, as a mere passenger who did not assert an interest in either Underwood's car or the property found in it, lacks standing to object to the search of the car. See *Ballard v. State*, 216 Ga. App. 315, 316 (454 SE2d 200) (1995); *Keishian v. State*, 202 Ga. App. 718, 719-720 (415 SE2d 324) (1992).

Moreover, even if Bedingfield had standing to contest the search, the evidence proves the search was legal. The police officers' initial contact with Bedingfield and Underwood, merely standing outside the parked car, involved no coercion or detention and was therefore outside the compass of the Fourth Amendment. See *State v. Jackson*, 201 Ga. App. 810, 813-815 (2) (412 SE2d 593) (1991). While in his lawful position outside the car, officer Daly saw cocaine in plain view on the car's console, and was thus authorized to seize that cocaine. See *Hines v. State*, 214 Ga. App. 476, 478 (448 SE2d 226) (1994). Upon finding the cocaine, the officers had probable cause to arrest Bedingfield and Underwood, and were justified in searching the car incident to the arrests. See *Watson v. State*, 190 Ga. App. 696, 697 (379 SE2d 817) (1989). Accordingly, the court committed no error in denying the motion to suppress the evidence found in the car.

3. Contrary to Bedingfield's argument, there is no evidence that the trial court manifestly abused its discretion in not allowing him to question jurors during voir dire about their favorite color. See OCGA § 15-12-133; *Thomas v. State*, 217 Ga. App. 720, 721 (2) (458 SE2d 897) (1995).

4. Bedingfield's complaints regarding the court's jury charges on the concepts of actual and constructive possession, mere presence at the scene of a crime, and the state's burden of proving each element of the crime beyond a reasonable doubt are wholly without merit. Our review of the entire charge reveals that the court fully and accurately instructed the jury on those concepts. See *Bruce v. State*, 191 Ga. App. 580, 581-582 (3) (382 SE2d 367) (1989); *Jones v. State*, 174 Ga. App. 783, 786 (3) (331 SE2d 633) (1985); *Tamez v. State*, 148 Ga. App. 307, 308-309 (2) (251 SE2d 159) (1978).

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 30, 1995 —

*Fred A. Zimmerman*, for appellant.
*Robert E. Keller, District Attorney, Brandon Hornsby, Assistant District Attorney*, for appellee.