## 37910. LEWIS v. THE STATE.

JORDAN, Chief Justice.

We granted certiorari to determine whether or not the Court of Appeals properly declined to pass upon an enumeration of error that the evidence was insufficient to support the verdict. *Lewis v. State,* 159 Ga. App. 301 (283 SE2d 275) (1981).

The Court of Appeals first reached the general grounds and determined that the evidence did not support the verdict. Then on motion for rehearing by the state, the Court of Appeals withdrew that opinion and substituted a new opinion ignoring the enumeration of error presenting the general grounds and reversing, as in the companion case of *Falsetta v. State,* 158 Ga. App. 392 (1) (280 SE2d 411) (1981), on a ground relating to the response of a juror during voir dire.

The withdrawn opinion of the Court of Appeals, if not properly withdrawn by the court, would have precluded Lewis' retrial under double jeopardy principles enunciated by the Supreme Court of the United States, whereas the ground for reversal upon which the Court of Appeals put its second or rewritten opinion would have allowed Lewis to be retried. Burks v. United States, 437 U. S. 1 (98 SC 2141, 57 LE2d 1) (1978); Greene v. Massey, 437 U. S. 19 (98 SC 2151, 57 LE2d 15) (1978).

1. We face squarely in the present case the situation to which we alluded in passing in footnote 6 of our opinion in *Hall v. State,* 244 Ga. 86, 94 (259 SE2d 41) (1979). See also, *Knowles v. State,* 246 Ga. 378, 385 (12) (271 SE2d 615) (1980), and *Stewart v. State,* 246 Ga. 70, 76 (5) (268 SE2d 906) (1980).

Recognizing that arguments to the contrary would be "strained and unsatisfying," the state concedes that an appellate court may not ignore an enumeration of error regarding the insufficiency of the evidence to support a conviction in the situation presented by the case at bar, that is, where the contention is made that the evidence is insufficient to support the verdict even prior to the exclusion of any

improperly admitted evidence. We agree, and adhere to views expressed in *Hall v. State,* supra.

2. Lewis now contends for the first time that Burks v. United States, supra, precludes withdrawal; and requires reinstatement of the first opinion of the Court of Appeals that reversed the trial court on the general grounds. Although this issue never was presented to and decided by the Court of Appeals, judicial economy dictates that we reach and adjudicate it now rather than awaiting its inevitable reappearance before this court.

We are unable to equate for purposes of constitutional double jeopardy a verdict of not guilty with an appellate court decision that is withdrawn and rewritten before the judgment of the appellate court becomes final under law. Such a judgment is tentative and does not serve to invoke the constitutional double jeopardy safeguard. Accordingly, we hold that the Court of Appeals could withdraw its opinion on motion for rehearing.

3. The case is reversed and remanded to the Court of Appeals for reconsideration of the enumeration of error questioning the sufficiency of the evidence to support the verdict.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED DECEMBER 1, 1981.

*Ralph M. Walke, Richard T. Taylor,* for appellant.
*Beverly B. Hayes, District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellee.