## 61737. LEWIS v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of possession of marijuana. On appeal, this court issued an opinion reversing the conviction on the general grounds. The state filed a motion for rehearing in which it was pointed out that appellant's co-defendant's conviction was reversed by a different panel of this court on other grounds. *Falsetta v. State,* 158 Ga. App. 392 (280 SE2d 411). In response to that motion, this court's first opinion was withdrawn and a new opinion issued reversing appellant's conviction on the same grounds which required the reversal of his co-defendant's conviction. *Lewis v. State,* 159 Ga. App. 301 (283 SE2d 275). Our decision was subsequently reversed by the Supreme Court for failure to consider appellant's enumeration on the general grounds. *Lewis v. State,* 248 Ga. 566 (285 SE2d 179). Pursuant to the Supreme Court's direction on remand, we will now consider appellant's enumeration of error questioning the sufficiency of the evidence to support the verdict.

The pertinent facts are as follows: Acting on information received from an informant, officers of the Georgia Bureau of Investigation obtained a search warrant for and began a surveillance of a grounded aircraft at an airport in Dublin, Georgia. According to the GBI's informant, the plane contained a large quantity of marijuana.

Early in the morning (3:15 a.m.) on the second day of surveillance, law enforcement officials observed two individuals drive a pickup truck into the parking area of the airport and park the truck at the rear of the aircraft in question. Appellant and

co-defendant Falsetta (not a party to this appeal) exited the truck and went to the door of the aircraft. Before the door was completely opened, police officers converged upon appellant and co-defendant Falsetta, placing them both under arrest. Appellant was subsequently charged with and found guilty of possession of marijuana after 248 pounds of the contraband was discovered aboard the aircraft.

Appellant, who worked part-time as a mover, gave a statement to the effect that his employer had called him to do a moving job that would require appellant and a companion to unload and transport cargo from an aircraft. Appellant admitted that he suspected, as did his companion, that, in view of the amount he was to be paid for the job, the cargo may have been contraband.

Considering, in a light most favorable to the state, the testimony presented at trial, it nevertheless appears that, while appellant may have known the substance he was hired to transport was contraband (although he was not, specifically, so informed) and that he may therefore have been guilty of a criminal act (see Code Ann. § 79A-812), he was not guilty of the offense charged: *possession* of marijuana. To be in possession of a substance requires that a person have or exercise actual or constructive control over the substance. *Granger v. State,* 142 Ga. App. 612 (1) (236 SE2d 762). In the instant case the state's evidence failed to establish that appellant, who had never entered the inside of the aircraft, had either actual or constructive possession of the marijuana discovered inside the plane. The evidence, at most, showed that appellant knew or should have known that he was hired to transport contraband and that he was in an area where marijuana was found. The inference cannot reasonably be drawn from such evidence that appellant had control (i.e., that he was in possession) of the contraband. See also *McCann v. State,* 137 Ga. App. 445 (224 SE2d 99); *Brewer v. State,* 129 Ga. App. 118 (3) (199 SE2d 109). That being so, the judgment of the trial court cannot stand.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 5, 1982 —
REHEARING DENIED FEBRUARY 19, 1982 —

*Ralph M. Walke, Richard T. Taylor,* for appellant.
*Beverly B. Hayes, Jr., District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellee.