*Richard T. Taylor,* for appellee.

## 38563. THE STATE v. LEWIS.

HILL, Presiding Justice.

We granted certiorari to review the Court of Appeals decision in *Lewis v. State,* 161 Ga. App. 348 (288 SE2d 124) (1982), which held that the evidence adduced at trial was insufficient to uphold the defendant's conviction for possession of marijuana in that the evidence failed to show that he had "control" of the marijuana.[1] Although certiorari is not ordinarily granted to review the sufficiency of the evidence, Code Ann. § 24-4529 (1), the decision here involves the laws relating to parties and possession of contraband and affects enforcement of the state's drug laws. The case thus presents an issue of great concern, gravity and importance to the public, and review by certiorari is therefore appropriate. Code Ann. § 24-4528.

The defendant and five others were jointly indicted for possession of marijuana in excess of 100 pounds. Defendant and Michael Wayne Falsetta were tried together but separately from the other indictees. The indictment did not allege violation of Code § 26-3201, conspiracy to commit a crime, or of Code § 79A-812, attempt or conspiracy to violate the controlled substances act, and the trial court did not instruct the jury concerning conspiracy. Instead the court instructed the jury as to parties to a crime. Code § 26-801. The jury found the defendant and Falsetta guilty as charged.

The basic facts are not in dispute. Acting on an informer's tip, on October 31, 1979, officers from the GBI and the Laurens County Sheriff's Department began surveillance of a grounded aircraft at the Dublin, Georgia, airport which purportedly contained a large quantity of marijuana. At 3:15 a.m. the following morning, the officers observed a pickup truck drive onto the airfield and park at the rear of the plane. Two individuals, later identified as this defendant and Michael Wayne Falsetta, exited the truck and were either attempting to open the door of the plane or had succeeded in

---

[1] The Court of Appeals initially issued an opinion holding the evidence insufficient to support the defendant's conviction but on motion for rehearing withdrew it and substituted an opinion reversing the conviction due to a voir dire error. *Lewis v. State,* 159 Ga. App. 301 (283 SE2d 275) (1981). We granted certiorari and reversed, holding that the Court of Appeals erred in failing to rule on the sufficiency of the evidence. *Lewis v. State,* 248 Ga. 566 (285 SE2d 179) (1981). On remand, the Court of Appeals adhered to its earlier view and ruled that the evidence was insufficient to sustain the conviction. *Lewis v. State,* supra, 161 Ga. App. 348.

opening only the upper portion of the door when they were arrested. The two men were armed with handguns. The plane was examined pursuant to a search warrant and found to contain 248 pounds of marijuana.

At trial, GBI agents testified that the defendant was transported to the Laurens County jail, advised of his Miranda (v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966)) rights, signed a waiver of those rights and gave a statement. According to the statement, the defendant met Bill O'Neal and two other men at a fast food place in Marietta, and these men hired him to pick up the marijuana from the plane at the Dublin airport and transport it to a stash site. He was to be paid $1500.00 for the job. The defendant enlisted Falsetta to obtain the truck and assist him in the move. A hand-drawn map containing directions from Atlanta to the Dublin airport, including the call numbers of the plane, was found in the defendant's pocket and admitted into evidence at. trial.

The state contends that this evidence ˙showed that the defendant was in constructive, if not actual, possession of the marijuana found inside the plane and therefore he was properly convicted of the crime of possession of marijuana. In the alternative, the state argues that the defendant intentionally aided and abetted Bill O'Neal in committing the crime of constructive possession of marijuana and, thus, was guilty as a party to the crime.

The jury was instructed as to "parties" as follows: "I charge you every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. [See Code § 26-801 (a).] A person is concerned in the commission of a crime only if he (1) directly commits the crime or (3) intentionally aids or abets in the commission of the crime, or intentionally advises, encourages, hires, counsels, or procures another one, another to commit the crime. [See Code § 26-801 (b).][2] Now I charge you any party to a crime who did not directly commit the crime may be indicted, tried, convicted and punished for commission of the crime upon proof that the crime was committed and that he was a party thereto, although the person claimed to have directly committed the crime has not been prosecuted or convicted or has been convicted of a different crime or degree of crime or is not amenable to justice or has been acquitted. [See Code § 26-802.]" (Matter in brackets added.)

The jury was also instructed in accordance with the superior court judges' pattern charge on possession: "[T]he law recognizes two

---

[2] The defendant procured Falsetta to assist in moving the marijuana.

kinds of possession, actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of the thing, possession is sole. If two or more persons shall have actual or constructive possession of the thing, the possession is joint. The jury would be authorized to convict if they should find beyond a reasonable doubt that the defendants had actual or constructive possession either alone or jointly with others." This charge has repeatedly been approved as a correct statement of the law. E.g., *Thomas v. State,* 153 Ga. App. 686, 688-89 (266 SE2d 335) (1980); *Tamez v. State,* 148 Ga. App. 307, 308 (251 SE2d 159) (1978); *Lee v. State,* 126 Ga. App. 38 (189 SE2d 872) (1972).

If not in actual possession of the marijuana, defendant had both the power and the intention to exercise control over it and therefore was in constructive possession from the time the truck stopped at the plane if not before. The defendant will not be heard to assert that the intervention of law enforcement officers from their stakeout positions abrogated his power to exercise control over the marijuana.

Moreover, the jury was authorized to find from the evidence, circumstantial as well as direct, that Bill O'Neal and others were in constructive possession of the marijuana and that the defendant was aiding and abetting O'Neal in that crime; i.e., the defendant was a party to the crime of possession of marijuana. Defendant's arguments that the plane was abandoned and that the state failed to prove that anyone was in possession of the marijuana are without merit.

We therefore find the Court of Appeals' interpretation of the element of "control" too restrictive and find that the evidence presented at trial was sufficient for a rational trier of fact to find the defendant guilty of possession of marijuana under either theory of criminal liability advanced by the state. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

DECIDED JUNE 22, 1982.

*Beverly B. Hayes, District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellant.

*Richard T. Taylor, Karl M. Rice, Gregory A. Hicks,* for appellee.