## 69278. SWEAT v. THE STATE.
## 69279. FLOYD v. THE STATE.
### (324 SE2d 561)

BIRDSONG, Presiding Judge.

Violation of the Controlled Substances Act. On March 14, 1984, a state trooper was driving his patrol vehicle in a southerly direction toward Waycross, south of Alma. As he was proceeding south, a car pulled left from the northbound lane into the trooper's lane, apparently intending to pass another northbound vehicle. The trooper was required to leave the road on the west shoulder in order to allow the speeding car to pass without a collision. He observed three persons in the car with the driver whom he subsequently identified as the appellant Floyd. The trooper immediately turned his patrol car around and pursued the now fleeing vehicle operated by Floyd. Floyd drove the car off the road at a nearby roadside car repair shop and, threading his way between several cars parked there for repairs, pulled behind the repair shop out of sight of traffic from the road.

A resident of the house located at the repair shop observed the Floyd vehicle drive rapidly into the area behind the shop and stop. The driver (Floyd) sprang from the car and ran into the shop. The two passengers also quickly exited the car, Sweat from the driver's side and the third passenger from the passenger side of the car. This eyewitness saw (but was unable to identify) one of the two men who exited from the driver's side throw a brown paper bag taken from the driver's side against the shop wall. At about that moment, the trooper arrived in the patrol car. Floyd was in the shed; Sweat was at the car together with the third passenger. The trooper called for Floyd to come to the trooper's vehicle, having recognized Floyd as the driver. While Floyd was at the trooper's car, the resident eyewitness observed one of the other two men pick up the bag and replace it in the Floyd vehicle. The trooper called the other two passengers to his patrol car and all three men were placed under arrest.

By this time, backup assistance had arrived. Floyd's vehicle (actually the vehicle of Sweat) was impounded because Floyd was apparently intoxicated. When the officers approached the vehicle, in plain view was a loaded shotgun lying on the front seat, a hatchet on the floorboard and in the back, a brown paper bag containing glassine bags of what appeared to be marijuana.

The third passenger subsequently entered a plea of guilty to possession of more than an ounce of marijuana (approximately one and one-half pounds were confiscated). Both Floyd and Sweat argued that the equal access rule should apply in this case and further, that the third passenger had already admitted possession of the marijuana. Both Floyd and Sweat were convicted of possession. Each bring separate appeals enumerating alleged errors at the trial. *Held*:

1. Each appellant urges as a common error the denial of motions for directed verdict of acquittal inasmuch as it is contended the State could prove nothing more than mere presence in the same car with the marijuana.

We recognize the principle of law raised by this contention. We simply conclude that the principle has no application in this case. There is much more evidence involving the appellants other than mere presence in the car at the same time as the marijuana. It was established that the three men were engaged in the same occupation (and thus inferentially were more than casual acquaintances), at least two worked for the same employer and tools of their trade were in the car (the hatchet is useful in tree care, their common occupation). Additionally, it is not unreasonable to infer that the three men were aware of the contents of the car. A shotgun was plainly visible and lying on the front seat. Marijuana was plainly visible in an open bag packed in glassine bags. Accoutrements of marijuana use were also found in the car such as a pipe and rolling paper. One of the two defendants removed the bag of marijuana from the front seat from which they both exited, and one of the other two persons other than Floyd placed the marijuana back in the car. The car was speeding excessively and when pursued by the police, the car and its occupants attempted to flee and avoid apprehension. All three exited the car at the first possible moment.

Under these circumstances, we find it totally unreasonable to conclude that the three occupants of the car were not aware of its contents nor seeking to avoid the consequences of such possession. The trial court charged that possession might be actual or constructive, sole or joint. Each of the occupants acted in a way consistent with knowledgeable and guilty possession, thus authorizing a jury finding of either at least joint possession or a conscious aiding of the admitted possessor.

Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error for a trial court to refuse to direct a verdict of not guilty. *Davis v. State*, 234 Ga. 730, 732 (218 SE2d 20); *Allen v. State*, 137 Ga. App. 302, 303 (223 SE2d 495). There was no error in the denial of the motions for directed verdict of acquittal under the facts of this case.

2. Floyd urges error in the charge of the court on actual and con-

structive possession complaining that when considered with mere presence such a charge in effect requires the defendant to prove his innocence. There is no allegation that the charge was erroneously phrased. We find the charge appropriate to the evidence and to be a correct statement of law. There is no merit to this enumeration.

3. Sweat raises an enumeration that the evidence shows only equal access of the marijuana, thus the evidence is insufficient to sustain a verdict of guilt based on joint possession. For the reasons stated in Division 1 of this decision, we find this enumeration to be without merit. See *Castillo v. State*, 166 Ga. App. 817, 821 (305 SE2d 629).

4. In his third enumeration, Sweat complains the trial court erred in allowing the jury to see a shotgun and hear testimony about a shotgun being on the front seat of the car. There is no dispute that appellants were all lawfully arrested. Articles found in the possession of the defendant at or near the time of arrest, including firearms, are admissible as circumstances connected with the arrest. *Hale v. State*, 159 Ga. App. 563 (284 SE2d 68). Moreover, that evidence was probative in resolution of whether each of the occupants was knowledgeable of the contents of the car and jointly possessed the same or was aiding other occupants in such possession. Clearly such evidence is admissible. *Allen v. State*, 137 Ga. App. 755, 756 (224 SE2d 834).

5. In his last enumeration, Sweat argues the trial court improperly commented upon Sweat's testimonial silence. This remark was made when the trial court informed the jury that because no evidence was offered by the defendants, the right to opening and closing arguments remained with the defendants. Such an observation is not a comment upon testimonial silence and is not error. It was a correct statement of law informing the jury of procedures to be followed. *Shavers v. State*, 244 Ga. 491 (260 SE2d 883). There is no merit to this enumeration.

*Judgments affirmed. Carley and Beasley, JJ., concur.*

DECIDED NOVEMBER 21, 1984.

*Fred R. Kopp*, for appellant (case no. 69278).
*John R. Thigpen, Sr.*, for appellant (case no. 69279).
*Harry D. Dixon, Jr., District Attorney, George E. Barnhill, Assistant District Attorney*, for appellee.