70851. CHILDS v. THE STATE.
(336 SE2d 309)

POPE, Judge.

Jerry Childs brings this appeal from his conviction and 20-year sentence for burglary. *Held:*

1. Appellant challenges the trial court's denial of his motion for a directed verdict of acquittal. Construed most favorably to the State, the evidence of record shows the following: Atlanta Police Officer S. A. Lyle testified that he was traveling southbound in the 2000 block of Sylvan Road in Atlanta at 8:15 p.m. on January 17, 1983. He observed two black males run across the street carrying a pillow case and a basket, each of which appeared to contain a large amount of goods. Officer Lyle could not see the faces of the subjects but did see them run to a green Plymouth Duster automobile parked behind a

Starvin' Marvin store. The car was parked behind the store next to a dumpster and in the shadows. The two men got into the car which then pulled onto Sylvan Road and then turned into the Caribu Apartments. Officer Lyle followed and turned on his blue flashing lights. The car stopped and the officer approached the car. He observed a black female driving and two black males in the front seat and a black male in the back seat. Officer Lyle observed the males in a very excited manner yelling at the female driver. Officer Lyle, who was in uniform, knocked on the window with his flashlight and motioned for them to roll down the window. At that time the car sped off. Officer Lyle returned to his police car and gave chase with his siren and flashing lights on. The chase went through the apartment complex and eventually onto the Lakewood Freeway, ending when Officer Lyle forced the car off the road near Fort McPherson. Speeds had reached 70 miles per hour. During the chase two of the men leaped from the car and escaped. When the car was finally stopped, the driver, co-defendant Joann Cudger, and appellant, who was also in the front seat, were arrested. Officer Lyle's inspection of the interior of the car disclosed in the back seat a wicker basket containing clothes and jewelry, a white jewelry box, a clock radio, an iron, binoculars and a camera. Prior to impounding the car, Officer Lyle conducted an inventory and in the trunk found two televisions, another iron, a stereo receiver, two speakers, a tape recorder and more clothes.

Lucille Martin testified that she returned to her apartment at the Caribu Apartments at about 8:25 p.m. on January 17, 1983. She found that the front door had been pried open and that several items had been taken including her television, white jewelry box, iron, clock radio, binoculars and a wicker basket. She went with the police to where the subject car had been stopped and identified her property. Her television was not in the car but was subsequently recovered near her apartment in the enclosure where the meters are kept. She did not know appellant or co-defendant Cudger and had not given them authority to enter her apartment. Linda Reynolds testified that she lived in Apartment G at 960 New Town Circle in Atlanta. When she returned home at 8:00 p.m. on January 17, 1983, she found that her back door had been pried open and several items including her television, iron, radio, boots, and a tote bag were missing. She identified the items found in the trunk of the subject car as being hers. Appellant rested without presenting evidence.

Appellant argues that the evidence against him, being wholly circumstantial, is insufficient to show either that he committed the crime or was a party thereto. In essence, appellant asserts that his mere presence in the subject car, even when coupled with the flight of that vehicle and/or approval of the act not amounting to encouragement, is insufficient to authorize his conviction.

" 'Mere presence at the scene of a crime is insufficient to convict one of being a party to the crime, but presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' Criminal intent may be found by the jury 'upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.' " (Citations omitted.) *Lunz v. State,* 174 Ga. App. 893, 895 (332 SE2d 37) (1985). "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. "Questions as to reasonableness of the evidence are to be decided by the jury, and where the jury finds that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis except that of guilt, an appellate court will not disturb such finding, unless unsupported as a matter of law. [Cit.]" *Phillips v. State,* 152 Ga. App. 671, 673 (263 SE2d 480) (1979). Accord *Bogan v. State,* 158 Ga. App. 1, 2-3 (279 SE2d 229) (1981), and cits.

Although there was no direct evidence that appellant was one of the two men carrying the stolen goods across the street to the subject car, there also was no direct evidence that appellant was not one of those men. Even if appellant was not one of those men but was waiting in the car, the evidence authorized the conclusion that he was awaiting the return of the two men in order to assist in effectuating the successful completion of the crime. The car was parked in a dimly lit area across the street from the burglarized apartment, and the record shows that at the time there were many available parking spaces on the grounds of the apartment complex. After the two men had returned to the car and deposited the stolen goods in the back seat, the car proceeded to the apartment complex, conceivably to retrieve the television which had been removed from the victim's apartment and hidden in a nearby enclosure because it was too cumbersome to carry across the street. Officer Lyle testified: "Something that big would be hard to carry across the street unnoticed." The officer's prompt action in stopping the car undoubtedly prevented the successful retrieval of the television. When Officer Lyle approached the car, he observed all three male occupants in an animated conversation with the female driver which resulted in the vehicle's rapid flight from the officer and consequent high-speed chase. Thus, the jury was authorized to find that appellant, if not a direct participant in the removal of the stolen goods from the victim's apartment, was nonetheless an indirect participant — knowing the goods in the back seat of the car to be stolen, returning to an area near the site of the unauthorized entry in order to complete the heist, and, when accosted by a

uniformed police officer, encouraging the culprits' flight from the scene. "This evidence, while circumstantial, is sufficient to show it is only consistent with the hypothesis of guilt and excludes every other reasonable hypothesis save that of the guilt of [appellant]." *Simmons v. State,* 129 Ga. App. 107, 108 (198 SE2d 718) (1973). See, e.g., *Sweat v. State,* 172 Ga. App. 712 (1) (324 SE2d 561) (1984); *Miller v. State,* 163 Ga. App. 406 (294 SE2d 614) (1982); *Bogan v. State,* supra. We find that the evidence here was sufficient to authorize any rational trier of fact to find appellant guilty as charged beyond a reasonable doubt, and, therefore, the trial court did not err in denying appellant's motion for directed verdict. See *Lunz v. State,* supra. See generally *Humphrey v. State,* 252 Ga. 525 (1) (314 SE2d 436) (1984).

2. Appellant's remaining enumeration cites as error the trial court's overruling his motion for mistrial made upon the court's decision to allow the testimony of Linda Reynolds as to the burglary of her apartment. As noted earlier, items from this burglary were found in the trunk of the car in which appellant was a passenger when arrested. Appellant does not contend that this crime, for which he was not indicted, and the subject burglary were not similar transactions, but rather that he was not identified as the perpetrator in the Reynolds' burglary. This contention is controlled adversely to appellant by our holding in *Tutt v. State,* 165 Ga. App. 715, 716 (1) (302 SE2d 580) (1983): " '(B)efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.]' *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977). Although appellant was not identified positively as the perpetrator of the earlier [burglary], the two offenses were strikingly similar in all respects, and we have held that '(c)ircumstantial evidence may be used to establish a prior similar offense. [Cit.]' *Smith v. State,* 154 Ga. App. 497, 499 (268 SE2d 714) (1980). The court instructed the jury properly as to evidence of an independent crime, and there was sufficient circumstantial evidence to support a finding that appellant was [a party to and thus a] perpetrator of the earlier [burglary] if the jury chose to believe such evidence. Accordingly, no error was committed by allowing evidence of [the] independent crime." See, e.g., *State v. Lewis,* 249 Ga. 565 (292 SE2d 667) (1982); *Barr v. State,* 166 Ga. App. 7 (1) (303 SE2d 132) (1983); *Rakestraw v. State,* 155 Ga. App. 563 (2) (271 SE2d 696) (1980). See also *Richardson v. State,* 155 Ga. App. 664 (3) (272 SE2d 529) (1980); *Humphries v. State,* 154 Ga. App. 596 (2) (269 SE2d 90) (1980).

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs in*

*the judgment only.*

DECIDED OCTOBER 8, 1985 —
REHEARING DENIED OCTOBER 25, 1985 — 

*James W. Howard,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, D. Chris Jensen, Jr., Richard E. Hicks, Assistant District Attorneys,* for appellee.