A90A2256. MARTIN v. THE STATE.
(402 SE2d 95)

BIRDSONG, Presiding Judge.

Appellant Weldon Martin appeals his conviction for burglary of a convenience store on October 25, 1989. He complains of the admission of "similar transaction" evidence of another convenience store burglary, contending there was no "absolute" proof he committed the burglary in the similar transaction. *Held*:

We find no error. "Absolute" proof is not required that a defend-

ant committed the offense in a similar transaction; and, "we have held that the standard of proof of reasonable doubt is not applicable to the proof that the defendant was the perpetrator of the independent crimes, but only to the proof that he or she was the perpetrator of the crimes for which the accused is on trial. [Cits.]" *Williams v. State*, 251 Ga. 749, 784 (312 SE2d 40); *Simmons v. State*, 186 Ga. App. 886, 887 (369 SE2d 36); *Thomas v. State*, 176 Ga. App. 53, 54 (335 SE2d 135). What is required is that there be evidence that the defendant was the perpetrator of the independent crime (*Johnson v. State*, 193 Ga. App. 618, 619 (388 SE2d 866)) and sufficient similarity or connection between the independent crime and the offense charged, such that proof of the former tends to prove the latter. *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321). Even where the defendant is not identified positively as the perpetrator of the independent crime, circumstantial proof may be used to establish his connection to it. *Childs v. State*, 176 Ga. App. 549, 552 (336 SE2d 309).

The evidence showed that appellant was arrested at a bank while attempting to cash a check he had received at a pawn shop in exchange for more than $500 in coins. Appellant was driving a 1979 white Ford F-100 XLT pickup truck which had been reported stolen on October 15, 1989. In the truck were found several items stolen in a similar burglary of a convenience store in the early morning hours of October 15, 1989, in Forsyth County. Also found in the truck was a Browning .12 gauge shotgun taken in the burglarly which is the subject of this prosecution.

The evidence of the Forsyth County burglary was admissible as a similar transaction because it unquestionably showed a sufficient connection to and a similarity between the two burglaries, both in scheme, method and design; and it provided circumstantial evidence that appellant was the perpetrator of the separate burglary. *Johnson v. State*, supra, 193 Ga. App. 618, 619; *Childs*, supra. Moreover, the independent crime was not one unconnected in fact to this one; the circumstances of appellant's arrest while in possession of a stolen truck containing a gun taken in the burglary charged in this case and items taken in another burglary, constitute a distinct connection between the burglaries and the theft of the truck. That connection is the appellant himself. We find all this evidence to be admissible not only as constitution of proof of a "similar transaction," but as part of the circumstances of his arrest. See *Felker v. State*, 252 Ga. 351, 359 (314 SE2d 621). There was sufficient circumstantial evidence to support a finding that appellant was a party to and thus a perpetrator of the earlier burglary. *Childs*, supra.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 4, 1991.

*Louis M. Turchiarelli, David L. Cannon,* for appellant.
*Garry T. Moss,* District Attorney, *Gregory A. Hicks,* Assistant District Attorney, for appellee.